UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MATTHEW TORRES,

                                        Plaintiff,

        -against-

ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.,

                                        Defendants.
-----------------------------------------------------------------X

**NOTICE OF MOTION FOR
TRANSFER OF VENUE**

Docket No. 2007-CV-09323-RJH

        PLEASE take notice that upon the annexed affirmation of David A. Glazer, and upon the

exhibits thereto, the accompanying memorandum of law in support of this motion, and the

pleadings herein, the undersigned will bring the above motion on for a hearing before this court

at the Southern District of New York Courthouse located at 500 Pearl Street, New York, before

Richard J. Holwell, United States District Judge,, on April 28, 2008 at 9:30 the forenoon of that

day, or as soon thereafter as counsel can be heard, for an order pursuant to 28 U.S.C. § 1404(a)

transferring the venue of this action from the Southern District of New York to the District of

New Jersey along with such other, further and different relief as to this Court may seem just and

proper.

        Defendants respectfully request oral argument on this Motion if Opposition is received.

        **I declare under penalty of perjury that the foregoing is true and correct.**

Dated: New York, New York
        April 1, 2008

                                Yours, etc.,

                                SHAFER GLAZER, LLP

                                DAVID A. GLAZER (DAG4504)

Attorneys for Defendant
ALLIEDBARTON SECURITY SERVICES, LLC
i/s/h ALLIEDBARTON SECURITY SERVICES,
INC.
90 John Street, Suite 701
New York, New York 10038
(212) 267-0011
Fax (646) 435-9434
File No. SPG-00133

TO:

BEAL & BEAL, ESQS.
Attorneys for Plaintiff
MATTHEW TORRES
34 Birchwood Park Crescent
Jericho, NY 11753
(516) 938-0877

LAW OFFICES OF JOHN P. HUMPHREYS
Attorneys for Defendant
ST. PETER'S COLLEGE
485 Lexington Ave, 7th Floor
New York, NY 10017
(917) 778-6600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MATTHEW TORRES,

                          Plaintiff,

      -against-

ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.,

                        Defendants.
-----------------------------------------------------------------X

**AFFIRMATION IN SUPPORT**

Docket No.1:07-CV-09323-RJH

I, DAVID A. GLAZER, **affirm under penalty of perjury** that:

1.    I am a Partner of the firm of SHAFER GLAZER, LLP attorneys for defendant(s) ALLIEDBARTON SECURITY SERVICES, LLC i/s/h ALLIEDBARTON SECURITY SERVICES, INC. (hereinafter 'Allied'). I am fully familiar with all the pleadings and proceedings heretofore had herein by virtue of my reading of the records maintained by this office which records your affirmant believes to be true, complete and correct.

2.    This affirmation is made in support of the instant motion for an order pursuant to 28 U.S.C. § 1404(a) transferring the venue of this action from the Southern District of New York to the District of New Jersey.

3.    This action was commenced by the filing of a summons and complaint in Supreme Court of the State of New York in the County of New York on or about September 12, 2007. On October 17, 2007, the action was removed to the United States District Court for the Southern District of New York. Annexed hereto as exhibit "A" is the Notice of Removal with the plaintiff's summons and complaint.

4.   Issue was joined on behalf of Allied on November 26, 2007. Issue was joined on behalf of the defendant, St. Peters College (hereinafter 'St. Peters') on or about December 11, 2007. Annexed hereto collectively as exhibit "B" are the answers filed on behalf of the defendants.

5.   Allied is a Delaware limited liability company with its principal place of business in Pennsylvania. St. Peters is a New Jersey academic institution. Annexed hereto as exhibit "C" is the security service agreement between the two entities which lists their principal place of business as well as the New York State, Department of State, Division of Corporations listing for Allied.

6.   This incident involves an assault that alleged took place at 2640 Kennedy Boulevard, Jersey City, New Jersey on December 8, 2006 in a dorm room on the campus of St. Peters. Annexed collectively hereto as exhibit "D" and exhibit "E" is the Jersey City Police Department Investigation Report and Plaintiff's Response to Interrogatories.

7.   Pursuant to 28 U.S.C. § 1391, if this action had been brought in Federal Court originally, it could have only been venued in New Jersey, Delaware or Pennsylvania.

8.   None of the operative facts pertaining to this action occurred with the state of New York. The only connection this action has to the state of New York is the residence of the plaintiff.

9.   As it appears from the pleadings, this case will involve determination of various questions of New Jersey law with which the New Jersey courts are more familiar.

10. Upon information and belief, all of the fact witnesses outside of the plaintiff are located in the state of New Jersey, including Jersey City Police Department personnel (Detective Broady, Detective Carroll, Detective Keller, Detective Logan, Officer Sullivan, Officer Rogers and Officer Dolan), ambulance personnel, emergency room personnel, St. Peters personnel, Allied personnel and the students at St. Peters who have information about the facts of this case. In the room where the assault allegedly occurred were students, Mark Cheatham, Martin Daniels, Chad Cameron and Isiah Peers. The alleged assailants were escorted into the building by two students, Akirah Stephenson (who lives at 43 Phelps Ave, New Brunswick, NJ) and Jazmen Stromen, (who lives at 109 Rossell Avenue, Trenton, NJ).

11. Upon information and belief, all of these relevant witnesses are subject to process of the United States District Court for the District of New Jersey.

12. Allied's investigation of this matter is continuing and it is likely it may call witnesses other than those named above whose testimony will relate to matters material to the defense, but to the best of affiant's knowledge and belief, all possible witnesses on such matters reside in the state of New Jersey.

13. Justice will be promoted by transferring this action to the District of New Jersey because the state of New Jersey is the location of the incident, most of the witnesses are there, including police officers who would likely be burdened by having to travel outside state boundaries, New Jersey law will apply, the District of New Jersey will be in a better position to compel testimony of the non-party witnesses and the interests of justice.

14.    As set forth in the accompanying memorandum of law, this action should be transferred to the United State District Court for the District of New Jersey.

15.    Accordingly, the movant respectfully requests that this Court grant its motion and transfer this matter to the United State District Court for the District of New Jersey.

WHEREFORE, your affirmant respectfully requests that the Court grant the instant motion in its entirety, along with such other, further and different relief as to this Court may seem just and proper.


Dated: New York, New York
         April 1, 2008


DAVID A. GLAZER (DAG4504)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MATTHEW TORRES,

                                Plaintiff,                  Index No. 1:07-CV-09323-RJH

      -against-

ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.,

                                Defendants.
--------------------------------------------------------------------X


**MEMORANDUM OF LAW OF DEFENDANT ALLIEDBARTON SECURITY SERVICES, LLC IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

## I.    STATEMENT OF FACTS/PROCEDURAL HISTORY

The plaintiff in this matter filed his complaint in the Supreme Court of the State of New York in the County of New York on or about September 12, 2007 against St. Peter's College and AlliedBarton Security Services, LLC. Plaintiff's complaint arises from an assault that occurred on December 6, 2006 in room 109 of the premises known as 2640 Kennedy Blvd., Jersey City, New Jersey, which is part of the St. Peters College campus. This building is also known as Whelan Hall. Plaintiff contends that the assault occurred because of the negligence of the defendants.

AlliedBarton Security Services, LLC (hereinafter 'Allied') is a Delaware limited liability company with a principal place of business in the state of Pennsylvania. St. Peter's College is an academic institution located in the state of New Jersey. The plaintiff is a resident of the State of New York. Pursuant to diversity jurisdiction under 28 USC §1332, this case was removed from the state court and into the United States District Court for the Southern District of New York.

Defendant, Allied, now moves this court for an order pursuant to 28 USC § 1404 transferring the venue of this matter to the United States District Court for the District of New Jersey. This action could have originally been filed in the United States District Court for the District of New Jersey and New Jersey is the forum where the operative facts arose.

## II.    LEGAL ARGUMENT

28 USC § 1404 governs changes of venue in District Courts, and provides as follows at subsection (a):

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Pursuant to 28 U.S.C. § 1391, this action could have been brought in New Jersey, Pennsylvania or Delaware. The only connection to the state of New York is the residence of the plaintiff.

The determination of whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court. Filmline (Cross-Country) Productions, Inc. v. United Artists Corporation, 865 F.2d 513, 520 (2d Cir. 1989). The burden is on the moving party to make a "clear and convincing showing that transfer is proper." Habrout v. City of New York, 143 F.Supp.2d 399, 401 (S.D.N.Y. 2001). The core determination under section 140 4(a) is the "center of gravity of the litigation." TM Claims Service v. KLM Royal Dutch Airlines, 143 F.Supp.2d 402, 403 (S.D.N.Y. 2001). The factors to be considered when considering a change of venue include:

> "(1) the plaintiff's original choice of forum, (2) the locus of the operative facts, (3) the convenience and relatives means of the parties, (4) the conveniences of the witnesses, (5) the availability of process to compel the attendance of witnesses,

(6) the location of physical evidence, including documents, (7) the relative familiarity of the courts with the applicable law, and (8) the interest of justice." Royal & Sunalliance v. British Airways, 167 F.Supp.2d 573, 576 (S.D.N.Y. 2001).

There is no rigid formula for balancing these factors and no single one of them is determinative. Cartier v. D&D Jewelry Imports, 510 F.Supp.2d 344 (S.D.N.Y. 2007). An analysis of these factors in the case of the action currently before this Court should be transferred to the United States District Court for the District of New Jersey. New Jersey is the "center of gravity of the litigation" in this action. Each of these factors will be considered separately below.

### PLAINTIFF'S CHOICE OF FORUM

This action could have been brought in the District of New Jersey because the incident occurred in the state of New Jersey. However, plaintiff chose to bring this action in the state of New York were only the plaintiff resides. A plaintiff's choice of venue is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of a transfer. Royal & Sunalliance, supra at 576. However, a plaintiff choice of forum is given less weight where the case is operative facts have little connection with the chosen forum. TM Claims Service, supra at 404.

In this action the plaintiff's chosen forum is not where the cause of action arose. The cause of action arose in New Jersey. All of the significant events involved in this matter took place outside of New York and in the state of New Jersey. The assault took place in New Jersey. The non-party witnesses are all located in New Jersey. Plaintiff's initial medical treatment took place in New Jersey. The plaintiff was a student of the defendant St. Peter's College at the time of the incident, which is located in New Jersey. The only connection between this matter and the state of New York is the residency of the plaintiff. If this case have been brought initially in the federal court, it could not have been brought in the state of New York under 28 USC § 1391.

### LOCUS OF OPERATIVE FACTS

The location of the operative facts is traditionally an important factor to be considered in deciding where case should be tried. The preferred venue is where the center of gravity of the facts of the case occurred. Ricoh Co. v. Honeywell, Inc., 817 F.Supp. 473 (D.N.J. 1993); Rahwar v. Nootz, 1994 WL 723040 (D.N.J). In this action, the center of gravity is located in Jersey City, New Jersey, the location of St. Peter's College. None of the operative facts arose in the Southern District of New York. Accordingly, this matter should be transferred to the United States District Court for the District of New Jersey.

### CONVENIENCE AND RELATIVE MEANS OF THE PARTIES

When weighing the convenience of the witnesses, courts must consider the materiality, nature and quality of each witness, not nearly the number of witnesses in each district. Royal & Sunalliance, supra at 577. In this matter, because a criminal act occurred, it will be necessary to

take depositions of the responding police detectives and officers. Additionally, it is presumed that it will be necessary for these police detectives and officers to testify at the time of trial. Furthermore, two potential fact witnesses, who reside in the state of New Jersey, who may know the names of the assailants, have been identified. Additionally, while the addresses of the assailants are currently not known to this defendant, there were four other people in the dorm room where plaintiff was allegedly attacked. If they are still students at St. Peter's College, it would be more convenient for those students to travel locally to testify as to the facts of the alleged assault than to travel into another state.

## ABILITY TO COMPEL WITNESS TESTIMONY

"Related to the convenience of witnesses is the ability to compel the attendance of witnesses who might be reluctant to appear voluntarily." Royal Insurance Company of America v. United States, 998 F.Supp 351, 354 (S.D.N.Y. 1998). In this action, the two alleged co-conspirators, Akirah Stephenson and Jazmen Stromen, have apparently been unwilling to cooperate with the police in naming the assailants. While they cannot be compelled to testify against themselves in a criminal matter, they can be compelled to testify in a civil matter. It is presumed in that they will be unwilling to testify voluntarily in this action. Furthermore, the security guard involved has been relieved of her position. As such, it is likely that a subpoena will be needed to compel her testimony as well. Accordingly, the District Court in New Jersey would be in a better position to compel their testimony.

## LOCATION OF PHYSICAL EVIDENCE

The incident took place being Jersey City, New Jersey. A surveillance video was taken of the entrance of the alleged entrance into the dormitory. Upon information and belief, that surveillance video is in the possession of the District Attorney in Jersey City. An inspection of the premises has already been scheduled in this matter for May 6, 2008. All other documentary evidence is in the possession of St. Peter's College. Thus, all of the relevant factual evidence is located in the state of New Jersey with the exception of the plaintiff himself.

## FAMILIARITY WITH GOVERNING LAW

While your affirmant is sure that this Court is eminently capable of dealing with issues of New Jersey law, the District Court of New Jersey deals with the substantive law on a daily basis. As such, the New Jersey courts are more familiar with New Jersey law.

## INTERESTS OF JUSTICE

In this section, the state of New Jersey has a strong interest in having this matter adjudicated in this jurisdiction. The incident involves an assault at a New Jersey academic institution and there is an active criminal investigation into the incident as well as a pending prosecution of Akirah Stephenson. Thus, any further information that would assist the state of New Jersey in its prosecution of a criminal matter would be in the interests of justice.

Concerning the interest of justice, "there should be considered the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, cost of obtaining attendance of willing witnesses, and all other practical problems that make trial of a case easy expeditious and inexpensive." ORC, Inc. v. Progress Drillers, Inc., 481 F. Supp 147 (W.D.Okla. 1979). A criminal matter the state of New Jersey is at the heart of the issues in this case. Therefore, there is a strong societal interest that this matter be tried in New Jersey. New Jersey has a strong governmental interest in ensuring the safety of its citizens. Thus, the state with the most compelling interest in this matter is a state of New Jersey.

## III.    CONCLUSION

The totality of these factors mandates the transfer of this action from the United States District Court for the Southern District of New York to the United States District Court for the District of New Jersey. The incident occurred in New Jersey and the majority of fact witnesses are located in New Jersey. Furthermore, there are several witnesses for whom it may be necessary to compel their testimony and the District of New Jersey is in a better position to compel that testimony. Responding police officers and emergency medical personnel are all located in New Jersey as is the surveillance video. The only connection this action has to this forum is th residence of the plaintiff, which is insufficient in light of the multitude of the other factors in favor of transfer. For all of the foregoing reasons, it is respectfully requested that this Honorable Court grant the instant motion in its entirety and transfer the venue of this matter to the United States District Court for the District of New Jersey.

Respectfully submitted,

By:    _____
DAVID A. GLAZER (DAG504)

STATE OF NEW YORK, COUNTY OF NEW YORK      ss.:

## AFFIRMATION OF SERVICE BY MAIL

DAVID A. GLAZER, an attorney duly admitted to practice law in the Court of the State of New York, affirms that the following is true, under the penalties of perjury:

On April 1, 2008, affirmant served the within **Motion to transfer venue** upon:

Mr. Kenneth I. Beal
Beal & Beal, Esqs.
34 Birchwood Park Crescent
Jericho, NY 11753

Mr. Robert P. Fumo
Law Offices of John P. Humphreys
485 Lexington Ave, 7th Floor
New York, NY 10017

The addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in – a post office – official depository under the exclusive care and custody of the United States post office department.

DAVID A. GLAZER

**EXHIBIT "A"**

JS 44C/SDNY
REV. 12/2005

**CIVIL COVER SHEET**

07 CIV 9323

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of
pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the
Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of
initiating the civil docket sheet.

JUDGE HOLWELL

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Matthew Torres | St. Peter's College and AlliedBarton Security Services, LLC i/s/h AlliedBarton Security Services, Inc. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER | ATTORNEYS (IF KNOWN) |
|---|---|
| Beal & Beal, Esqs., 34 Birchwood Park Crescent Jericho, NY 11753 (516) 938-0877 | Shafer Glazer, LLP, 90 John Street, 6th Floor, New York, NY 10038 (212) 267-0011 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

28 U.S.C. §1441(b) allows for removal and it is a claim for personal injuries arising out of an alleged assault which
occurred in New Jersey

OCT 17 2007

S.D.N.Y.
CASHIERS

Has this or a similar case been previously filed in SDNY at any time? No[x] Yes? ☐   Judge Previously Assigned

If yes, was this case  Vol☐  Invol. ☐   Dismissed. No☐  Yes ☐   If yes, give date

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

ACTIONS UNDER STATUTES

|  | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| **CONTRACT** | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610  AGRICULTURE | [ ] 422  APPEAL 28 USC 158 | [ ] 400  STATE REAPPORTIONMENT |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - | [ ] 620  FOOD & DRUG | | [ ] 410  ANTITRUST |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT | MED MALPRACTICE | [ ] 625  DRUG RELATED | [ ] 423  WITHDRAWAL 28 USC 157 | [ ] 430  BANKS & BANKING |
| [ ] 130 MILLER ACT | LIABILITY | [ ] 365 PERSONAL INJURY | SEIZURE OF | | [ ] 450  COMMERCE/ICC |
| [ ] 140 NEGOTIABLE | [ ] 320 ASSAULT, LIBEL & | PRODUCT LIABILITY | PROPERTY | | RATES/ETC |
| INSTRUMENT | SLANDER | [ ] 368 ASBESTOS PERSONAL | 21 USC 881 | **PROPERTY RIGHTS** | [ ] 460  DEPORTATION |
| [ ] 150 RECOVERY OF | [ ] 330 FEDERAL | INJURY PRODUCT | [ ] 630  LIQUOR LAWS | | [ ] 470  RACKETEER INFLU- |
| OVERPAYMENT & | EMPLOYERS' | LIABILITY | [ ] 640  RR & TRUCK | [ ] 820  COPYRIGHTS | ENCED & CORRUPT |
| ENFORCEMENT OF | LIABILITY | | [ ] 650  AIRLINE REGS | [ ] 830  PATENT | ORGANIZATION ACT |
| JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | [ ] 660  OCCUPATIONAL | [ ] 840  TRADEMARK | (RICO) |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT | | SAFETY/HEALTH | | [ ] 480  CONSUMER CREDIT |
| [ ] 152 RECOVERY OF | LIABILITY | [ ] 370 OTHER FRAUD | [ ] 690  OTHER | | [ ] 490  CABLE/SATELLITE TV |
| DEFAULTED | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | | **SOCIAL SECURITY** | [ ] 810  SELECTIVE SERVICE |
| STUDENT LOANS | [ ] 355 MOTOR VEHICLE | [ ] 380 OTHER PERSONAL | **LABOR** | | [ ] 850  SECURITIES/ |
| (EXCL VETERANS) | PRODUCT LIABILITY | PROPERTY DAMAGE | | [ ] 861  MIA (1395FF) | COMMODITIES/ |
| [ ] 153 RECOVERY OF | [x] 360 OTHER PERSONAL | [ ] 385 PROPERTY DAMAGE | [ ] 710  FAIR LABOR | [ ] 862  BLACK LUNG (923) | EXCHANGE |
| OVERPAYMENT OF | INJURY | PRODUCT LIABILITY | STANDARDS ACT | [ ] 863  DIWC (405(g)) | [ ] 875  CUSTOMER |
| VETERANS BENEFITS | | | [ ] 720  LABOR/MGMT | [ ] 863  DIWW (405(g)) | CHALLENGE |
| [ ] 160 STOCKHOLDERS SUITS | | | RELATIONS | [ ] 864  SSID TITLE XVI | 12 USC 3410 |
| [ ] 190 OTHER CONTRACT | | | [ ] 730  LABOR/MGMT | [ ] 865  RSI (405(g)) | [ ] 891  AGRICULTURE ACTS |
| [ ] 195 CONTRACT PRODUCT | | | REPORTING & | | [ ] 892  ECONOMIC |
| LIABILITY | | | DISCLOSURE ACT | | STABILIZATION ACT |
| [ ] 198 FRANCHISE | | | [ ] 740  RAILWAY LABOR ACT | **FEDERAL TAX SUITS** | [ ] 893  ENVIRONMENTAL |
| | | | [ ] 790  OTHER LABOR | | MATTERS |
| | **ACTIONS UNDER STATUTES** | | LITIGATION | [ ] 870  TAXES | [ ] 894  ENERGY |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791  EMPL RET INC | [ ] 871  IRS-THIRD PARTY | ALLOCATION ACT |
| | | | SECURITY ACT | 20 USC 7609 | [ ] 895  FREEDOM OF |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING | [ ] 510 MOTIONS TO | | | INFORMATION ACT |
| [ ] 220 FORECLOSURE | [ ] 442 EMPLOYMENT | VACATE SENTENCE | | | [ ] 900  APPEAL OF FEE |
| [ ] 230 RENT LEASE & | [ ] 443 HOUSING | 28 USC 2255 | | | DETERMINATION |
| EJECTMENT | ACCOMMODATIONS | [ ] 530 HABEAS CORPUS | | | UNDER EQUAL ACCESS |
| [ ] 240 TORTS TO LAND | [ ] 444 WELFARE | [ ] 535 DEATH PENALTY | | | TO JUSTICE |
| [ ] 245 TORT PRODUCT | [ ] 445 AMERICANS WITH | [ ] 540 MANDAMUS & OTHER | | | [ ] 950  CONSTITUTIONALITY |
| LIABILITY | DISABILITIES - | [ ] 550 CIVIL RIGHTS | | | OF STATE STATUTES |
| [ ] 290 ALL OTHER | EMPLOYMENT | [ ] 555 PRISON CONDITION | | | [ ] 890  OTHER STATUTORY |
| REAL PROPERTY | [ ] 446 AMERICANS WITH | | | | ACTIONS |
| | DISABILITIES -OTHER | | | | |
| | [ ] 440 OTHER CIVIL RIGHTS | | | | |

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____   OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [x] YES  ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____   DOCKET NUMBER _____

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

**(PLACE AN x IN ONE BOX ONLY)**　　　　　　　　**ORIGIN**

- [ ] 1 Original Proceeding
- [x] 2a. Removed from State Court
- [ ] 2b. Removed from State Court AND at least one party is a pro se litigant
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

**(PLACE AN x IN ONE BOX ONLY)**　　　　**BASIS OF JURISDICTION**　　　　***IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)***

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [x] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [x] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [x] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

280 Madison St, Apt. 511, New York, NY 10002 County of New York

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

Allied Barton Security Services, LLC, 3606 Horizon Drive, King of Prussia, PA 19406-2647, Montgomery County

ST. Peter's College, 2641 Kennedy Boulevard, Jersey City, NJ 07306, Hudson County

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:　THIS ACTION SHOULD BE ASSIGNED TO:　[ ] WHITE PLAINS　[x] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE　　SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. 02  Yr. 1990 )
Attorney Bar Code # HS5101

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**'07 CIV 9323**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X **NOTICE OF REMOV~~AL~~ JUDGE HOLWELL**
MATTHEW TORRES,

                                         Plaintiff,

                                                     DOCKET NO.:

           -against-

ST. PETER'S COLLEGE and
ALLIEDBARTON SECURITY SERVICES,
INC.,

                                         Defendant.
-------------------------------------------------------X



RECEIVED
OCT 1 7 2007
U.S.D.C. S.D.N.Y.
CASHIERS

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Defendant ALLIEDBARTON SECURITY SERVICES, LLC I/S/H ALLIEDBARTON SECURITY
SERVICES, INC. hereby files this Notice of Removal of the above-described action to the United States
District Court for the Southern District of New York from the New York State Supreme Court, New York
County, where the action is now pending as provided by Title 28, U.S. Code, Chapter 89 and states:

1. ALLIEDBARTON SECURITY SERVICES, LLC I/S/H ALLIEDBARTON SECURITY SERVICES, INC.
is the defendant in the above entitled action.

2. The above entitled action was commenced in the Supreme Court, New York County, State of New York and
is now pending in that court. A copy of the plaintiff's complaint setting forth the claim for relief upon which
the action is based was first received by the Defendant on October 4, 2007.

3. The action is a civil action for a personal injuries as a result of an alleged assault and the United States
District Court for the Southern District of New York has jurisdiction by reason of the diversity of citizenship
of the parties.

4. Plaintiff is now and at the time the state action was commenced a citizen of the State of New York and
Defendant ALLIEDBARTON SECURITY SERVICES, LLC I/S/H ALLIEDBARTON SECURITY
SERVICES, INC. is now and at the time the state action was commenced a citizen of the State of Delaware
and defendant ST. PETER'S COLLEGE is a resident of New Jersey. The matter in controversy
exceeds, exclusive of costs and disbursements, the sum or value of $150,000. No change of citizenship of
parties has occurred since the commencement of the action. Defendant is not a citizen of the state in which the
action was brought.

5. A copy of all process, pleadings, and orders served upon Defendant is filed with this notice.

6. Defendant will give written notice of the filing of this notice as required by 28 U.S.C.A. § 1446(d).

7. A copy of this notice will be filed with the clerk of the Supreme Court, New York County, as required by 28
U.S.C. § 1446(d).

Dated:      New York, NY
            October 17, 2007

**SHAFER GLAZER, LLP**
Attorneys for ALLIEDBARTON SECURITY SERVICES, LLC
I/S/H ALLIEDBARTON SECURITY SERVICES, INC.

By:    s/Howard S. Shafer
       HOWARD S. SHAFER (HS5101)
       90 John Street, 6th Floor
       New York, New York 10038
       (212) 267-0011


ST. Peter's College
2641 Kennedy Boulevard
Jersey City, NJ 07306

Beal & Beal, Esqs.
Mr. Kenneth I. Beal
34 Birchwood Park Crescent
Jericho, NY 11753

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal and Rule 7.1 Statement were mailed by first class mail, postage prepaid this October _____, 2007, to all counsel of record as indicated on the service list below.

HOWARD S. SHAFER (HS5101)
For the Firm

## SERVICE LIST

ST. Peter's College
2641 Kennedy Boulevard
Jersey City, NJ 07306

Beal & Beal, Esqs.
Mr. Kenneth I. Beal
34 Birchwood Park Crescent
Jericho, NY 11753

**07 CIV 9323**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X    RULE 7.1 STATEMENT  **JUDGE HOLWELL**

MATTHEW TORRES,

                                    Plaintiff,

    -against-

ST. PETER'S COLLEGE and
ALLIEDBARTON SECURITY SERVICES,
INC.,

                                    Defendant.
-------------------------------------------------------X

DOCKET NO.:

RECEIVED
OCT 17 2007
U.S.D.C. S.D. N.Y.
CASHIERS

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

                Pursuant to Rule 7.1 of the Federal Rules of Civil Procedures Allied Security

Holdings LLC ("Allied Parent"), a Delaware limited liability company with its principal place of

business in King of Prussia, PA is the sole member of AlliedBarton Security Services LLC

Dated:    New York, NY
          October 17, 2007

                                    **SHAFER GLAZER, LLP**
                                    Attorneys for ALLIEDBARTON SECURITY SERVICES, LLC
                                    I/S/H ALLIEDBARTON SECURITY SERVICES, INC.

              By:

                                  HOWARD S. SHAFER (HS5101)
                                  90 John Street, 6th Floor
                                  New York, New York 10038
                                  (212) 267-0011

ST. Peter's College
2641 Kennedy Boulevard
Jersey City, NJ 07306

Beal & Beal, Esqs.
Mr. Kenneth I. Beal
34 Birchwood Park Crescent
Jericho, NY 11753

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

MATTHEW TORRES

              Plaintiff,

-against-


ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES. INC.



            Defendants.

-------------------------------------------------------------------x

Index No.: $O7 - 119350$

Plaintiff designates
New York County as the
Place of trial

The basis of the venue
is where the plaintiff
resides.

**SUMMONS:**

Plaintiff resides at
280 Madison Street
Apt. #511
New York, NY 10002
County of New York

To the above named defendants,

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's Attorney(s) with **20** days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for relief demanded in the complaint.

Dated: August 15,2007

Defendant's address:
ST. PETER'S COLLEGE
2641 Kennedy Boulevard
Jersey City, New Jersey 07306


ALLIEDBARTON SECURITY SERVICES, INC.
3606 Horizon Drive
King of Prussia, Pennsylvania 19406

BEAL & BEAL, ESQS.
Attorney for the Plaintiff
34 Birchwood Park Crescent
Jericho, New York 11753
(516) 938-0877

NEW YORK
COUNTY CLERK'S OFFICE

**SEP 1 2 2010**

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------------- X

MATTHEW TORRES

        Plaintiff,

                                    **VERIFIED COMPLAINT**

                                    **Index No:**

        -against-

ST. PETER'S COLLEGE and ALLIEDBARTON SECURITY SERVICES. INC.

              Defendants.

--------------------------------------------------------------------- ... .. ..............X

        Plaintiff, by his attorney(s). BEAL & BEAL, ESQS. complaining of the

defendants respectfully alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF

## OF THE PLAINTIFF MATTHEW TORRES

1.     That upon and belief and at all times hereinafter mentioned, plaintiff was and

      still is a resident of the County, City, and State of New York,

2.     That upon information and belief and at all times hereinafter mentioned.

      Defendant ST. PETER'S COLLEGE was and still is a private educational

      institution existing by virtue of the laws of the State of New Jersey. with a

      location at 2641 Kennedy Boulevard, Jersey City, New Jersey.

3.     That upon information and belief and at all times hereinafter mentioned,

      defendant ALLIEDBARTON SECURITY SERVICES. INC. is a domestic

      corporation with a corporate office located at 3606 Horizon Drive. King of

      Prussia, Pennsylvania.

4.      That upon information and belief and at all times hereinafter mentioned, defendant ALLIEDBARTON SECURITY SERVICES, INC. is a foreign corporation with a corporate office located at 3606 Horizon Drive, King of Prussia, Pennsylvania.

5.      That upon information and belief, and at all times hereinafter mentioned, the defendant ST. PETER'S COLLEGE, was the owner, lessee, permittee, or otherwise in possession and control of the facility located at 2641 Kennedy Boulevard, Jersey City , New York 07036.

6.      That upon information and belief, and at all times herein mentioned, the defendant ALLIEDBARTON SECURITY SERVICES, INC. was hired and retained by defendant ST. PETER'S COLLEGE to provide security services for the students and college community at large.

7.      That upon information and belief and at all times herein mentioned, both the defendants undertook and obligated themselves to the students at the school to secure, maintain and operate it with a due and proper regard for the safety of its students, including plaintiff herein.

8.      That on or about the 8th day of December, 2006, while the plaintiff was lawfully on the campus of defendant ST. PETER'S COLLEGE, he was viciously assaulted and caused to sustain serious injuries resulting from the defendants' failure to provide proper supervision and security; that the defendants, its agents, servants, and/or employees negligently caused and permitted a hazardous and dangerous condition to exist by virtue of its failure to properly hire and train security personnel, and to operate, maintain and

secure said school premises, thereby endangering it's students, specifically the plaintiff herein.

9.  The defendants, it's agents, servants and/or employees were reckless, careless and negligent in failing to provide proper, sufficient, competent and adequate security to the students lawfully at the subject school, in failing to hire trained and competent personnel; in failing to have efficient and knowledgeable security personnel; in causing and creating a hazardous and dangerous condition at the school; in leaving students in dangerous circumstances; in violating the applicable security rules and security regulations; and the defendants, its agents, servants and /or employees, were otherwise reckless, careless and negligent.

10.  That as a result of both of the defendants' negligence, plaintiff MATTHEW TORRES was caused to suffer severe and permanent injuries, including severe facial scarring ; further plaintiff required hospital attention and may require such care in the future; plaintiff became substantially disabled; experienced extreme mental anguish and distress, psychological injuries and trauma; plaintiff was unable to attend to his usual duties and activities; and further experienced extreme pain and suffering; difficulty in sleeping; nightmares, and plaintiff has been otherwise damaged, all of which are permanent in nature and continuing into the future.

11.  That by reason of the foregoing, the plaintiff MATTHEW TORRES, has been damaged in a sum to be determined by a court of competent jurisdiction which exceeds the jurisdictional limit of all lower courts.

WHEREFORE, plaintiff demands judgment against both defendants in the First Cause of

Action in a sum to be determined by a court of competent jurisdiction which exceeds the

jurisdictional limits of all lower courts.

      Dated: Jericho, New York
          August 15, 2007

                                  Yours/etc.

                                    BEAL & BEAL, ESQS.
                                    Attorneys for Plaintiff
                                    MATTHEW TORRES
                                    By: Kenneth I. Beal, Esq.
                                    34 Birchwood Park Crescent
                                    Jericho, New York 11753
                                    (516) 938-0877

**EXHIBIT "B"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MATTHEW TORRES,                                              Index No.: 07 CIV 9323

                                    Plaintiff(s).                    **ANSWER**

          -against-

ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.

                                    Defendant(s).
-------------------------------------------------------------------------X

     The LAW OFFICE OF JOHN P. HUMPHREYS, as attorneys and on behalf of

Defendant **ST. PETER'S COLLEGE**, answering the Verified Complaint of Plaintiff

herein, upon information and belief, respectfully alleges:

### ANSWERING A FIRST CAUSE OF ACTION ON BEHALF
### OF THE PLAINTIFF MATTHEW TORRES

    1.    Denies any knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraphs of the Verified Complaint

designated **"1," "2," "3" and "4"**.

    2.    Denies each and every allegation contained in the paragraph of the Verified

Complaint designated **"5" and "7"**, and respectfully refers all questions of law to this

Honorable Court.

    3.    Denies each and every allegation contained in the paragraph of the Verified

Complaint designated **"8," "9," "10" and "11"**.

### AS AND FOR A FIRST, SEPARATE, AFFIRMATIVE
### AND COMPLETE DEFENSE TO PLAINTIFF'S
### ALLEGED CAUSE AND/OR CAUSES OF ACTION,
### THIS DEFENDANT RESPECTFULLY SETS FORTH
### AND ALLEGES UPON INFORMATION AND BELIEF:

4.      The Complaint fails to state a cause of action upon which relief can be granted as to this party.

**AS AND FOR A SECOND, SEPARATE,
AFFIRMATIVE AND COMPLETE DEFENSE TO
PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES
OF ACTION, THIS DEFENDANT RESPECTFULLY
SETS FORTH AND ALLEGES UPON INFORMATION
AND BELIEF:**

5.      The injuries and damages allegedly sustained by plaintiff were caused in whole or in part by the culpable conduct of plaintiff, including negligence and assumption of risk, as a result of which the claim of plaintiff is therefore barred or diminished in the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and damages.

**AS AND FOR A THIRD, SEPARATE, AFFIRMATIVE
AND COMPLETE DEFENSE TO PLAINTIFF'S
ALLEGED CAUSE AND/OR CAUSES OF ACTION,
THIS DEFENDANT RESPECTFULLY SETS FORTH
AND ALLEGES UPON INFORMATION AND BELIEF:**

6.      This party's responsibility for non-economic loss, if any, which is expressly denied herein, is less than 50% of any responsibility attributed to any tortfeasor, whether or not a party hereto, who is or may be responsible for the happening of plaintiff's alleged accident and, thus, this party is entitled to a limitation of damages as set forth in CPLR Article 16.

**AS AND FOR A FOURTH, SEPARATE,
AFFIRMATIVE AND COMPLETE DEFENSE TO
PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES
OF ACTION, THIS DEFENDANT RESPECTFULLY
SETS FORTH AND ALLEGES UPON INFORMATION
AND BELIEF:**

4.      The Complaint fails to state a cause of action upon which relief can be granted as to this party.

**AS AND FOR A SECOND, SEPARATE,
AFFIRMATIVE AND COMPLETE DEFENSE TO
PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES
OF ACTION, THIS DEFENDANT RESPECTFULLY
SETS FORTH AND ALLEGES UPON INFORMATION
AND BELIEF:**

5.      The injuries and damages allegedly sustained by plaintiff were caused in whole or in part by the culpable conduct of plaintiff, including negligence and assumption of risk, as a result of which the claim of plaintiff is therefore barred or diminished in the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and damages.

**AS AND FOR A THIRD, SEPARATE, AFFIRMATIVE
AND COMPLETE DEFENSE TO PLAINTIFF'S
ALLEGED CAUSE AND/OR CAUSES OF ACTION,
THIS DEFENDANT RESPECTFULLY SETS FORTH
AND ALLEGES UPON INFORMATION AND BELIEF:**

6.      This party's responsibility for non-economic loss, if any, which is expressly denied herein, is less than 50% of any responsibility attributed to any tortfeasor, whether or not a party hereto, who is or may be responsible for the happening of plaintiff's alleged accident and, thus, this party is entitled to a limitation of damages as set forth in CPLR Article 16.

**AS AND FOR A FOURTH, SEPARATE,
AFFIRMATIVE AND COMPLETE DEFENSE TO
PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES
OF ACTION, THIS DEFENDANT RESPECTFULLY
SETS FORTH AND ALLEGES UPON INFORMATION
AND BELIEF:**

7.     Defendants, their agents, servants and employees acted at all times in a

justified manner.

**AS AND FOR A FIFTH, SEPARATE, AFFIRMATIVE**
**AND COMPLETE DEFENSE TO PLAINTIFF'S**
**ALLEGED CAUSE AND/OR CAUSES OF ACTION,**
**THIS DEFENDANT RESPECTFULLY SETS FORTH**
**AND ALLEGES UPON INFORMATION AND BELIEF:**

8.     That the plaintiff's alleged damages representing the cost of medical care,

dental care, custodial care or rehabilitation services, loss of earnings or other economic loss

were or will, with reasonable certainty, be replaced or indemnified, in whole or in part, by or

from a collateral source and this Court shall, pursuant to CPLR Section 4545(c), reduce the

amount of such alleged damages by the amount such damages were or will be replaced or

indemnified by such collateral source.

**AS AND FOR A SIXTH, SEPARATE, AFFIRMATIVE**
**AND COMPLETE DEFENSE TO PLAINTIFF'S**
**ALLEGED CAUSE AND/OR CAUSES OF ACTION,**
**THIS DEFENDANT RESPECTFULLY SETS FORTH**
**AND ALLEGES UPON INFORMATION AND BELIEF:**

9.     Plaintiff's injuries, if any, were caused by the culpable conduct of parties

other than the answering defendant and over when defendant had no control.

**AS AND FOR A SEVENTH, SEPARATE,**
**AFFIRMATIVE AND COMPLETE DEFENSE TO**
**PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES**
**OF ACTION, THIS DEFENDANT RESPECTFULLY**
**SETS FORTH AND ALLEGES UPON INFORMATION**
**AND BELIEF:**

10.     That the plaintiff has failed to join, as defendants, all necessary and proper

parties in this action.

**AS AND FOR A EIGHTH, SEPARATE,**
**AFFIRMATIVE AND COMPLETE DEFENSE TO**
**PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES**

**OF ACTION, THIS DEFENDANT RESPECTFULLY
SETS FORTH AND ALLEGES UPON INFORMATION
AND BELIEF:**

11.    Upon information and belief plaintiff failed to mitigate damages.

**AS AND FOR A NINTH, SEPARATE, AFFIRMATIVE
AND COMPLETE DEFENSE TO PLAINTIFF'S
ALLEGED CAUSE AND/OR CAUSES OF ACTION,
THIS DEFENDANT RESPECTFULLY SETS FORTH
AND ALLEGES UPON INFORMATION AND BELIEF:**

12.    That in the event plaintiff has or should in the future, settle any portion of the

claims arising from the allegations contained in plaintiff's Complaint with any currently

named or still to be named defendant(s), the respective rights of the remaining parties should

be determined pursuant to Section 15-108 of the General Obligations Law.

***AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNIFICATON
AGAINST CO-DEFENDANT ALLIEDBARTON SECURITY SERVICES, INC.,
THIS DEFENDANT ALLEGES THE FOLLOWING:***

13.    That if plaintiff was caused to sustain injuries and/or damages at the time and

place set forth in the Complaint through any carelessness, recklessness and/or negligence

other than the plaintiff's own, such damages were sustained in whole or in part due to the

primary and active carelessness, recklessness and negligence and/or negligent acts of

omission or commission of the co-defendant, its agent(s), servant(s) and/or employee(s) with

the negligence of this answering defendant(s), if any, being secondary, derivative and

created solely by operation of law.

14.    If plaintiff should recover judgment against the answering defendant(s), then

co-defendant shall be liable to fully indemnify this answering defendant(s) for the amount of

any recovery obtained herein by plaintiff(s) against this answering defendant(s) as the Court

or jury may direct.

15.    That by reason of this action, answering defendant(s) has (have) been and will be put to costs and expenses, including attorneys' fees, and, this defendant(s) demands judgment dismissing the Complaint herein as to this defendant(s) and, further, demands judgment over and against co-defendant(s) for the amount of any judgment which may be obtained herein by the plaintiff against this answering defendant(s) or in such amount as a Court or jury may determine, together with the costs and disbursements of the action.

### *AS AND FOR A CROSS-CLAIM FOR CONTRACTUAL INDEMNIFICATION AGAINST CO-DEFENDANT ALLIEDBARTON SECURITY SERVICES, INC., THIS DEFENDANT ALLEGES THE FOLLOWING:*

16.    That if plaintiff was caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part by any reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission of co-defendant(s), its agent(s), servant(s) and/or employee(s).

17.    That co-defendant(s) and this answering defendant(s) duly entered into a contract/agreement/lease wherein co-defendant(s) agreed to hold harmless, fully indemnify and assume the defense of this defendant(s) and that such contract/agreement/lease was in full force and effect on the date of the incident made the subject of this litigation. The relevant terms of such contract are hereby incorporated by reference as if same were more fully set forth herein.

18.    That by reason of the foregoing, co-defendant(s) will be liable to fully indemnify this defendant(s) for the amount of any recovery which may be obtained herein by plaintiff(s) against this answering defendant(s) or, in such amount as a Court or jury may determine, together with the costs and disbursements of the action.

19.    That by reason of this section, this defendant(s) has/have been and will be put to costs and expenses, including attorneys' fees.

20.    That demand has been made upon co-defendant to assume all responsibilities under such agreement and said demand has been wrongfully refused.

### AS AND FOR A CROSS-CLAIM FOR COMMON LAW NEGLIGENCE AGAINST CO-DEFENDANT ALLIEDBARTON SECURITY SERVICES, INC., THIS DEFENDANT ALLEGES THE FOLLOWING:

21.    That if plaintiff was caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part by any reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission of co-defendant(s), its agent(s), servant(s) and/or employee(s).

22.    Further, if plaintiff(s) should recover judgment against this answering defendant(s), the co-defendant(s) shall be liable to this defendant on the basis of apportionment of responsibility for the alleged occurrence and this defendant is entitled to contribution from and judgment over and against co-defendant(s) for all or part of any verdict or judgment which plaintiff(s) may recover in such amounts as a jury or Court may direct.

23.    This defendant(s) demands judgment dismissing the Complaint herein as to the answering defendant(s), and further demands judgment over and against co-defendant(s) for the amount of any judgment which may be obtained herein by plaintiff against this answering defendant(s) or in such amount as the Court or jury may determine, together with the costs and disbursements of the action.

## AS AND FOR A CROSS-CLAIM FOR INSURANCE COVERAGE AGAINST CO-DEFENDANT ALLIEDBARTON SECURITY SERVICES, INC., THIS DEFENDANT ALLEGES THE FOLLOWING:

24.    That if plaintiff is entitled to recovery from this answering defendant(s), then

co-defendant(s) will be obliged to fully indemnify this answering defendant pursuant to the

terms of a contract/agreement/lease which provided that this answering defendant(s) shall be

named as an Additional Insured on the policy or policies of liability insurance obtained by

co-defendant; that in the event said co-defendant(s) failed to procure such insurance

coverage for this answering defendant then, pursuant to Kinney v. G.W. Lisk Co., 76

N.Y.2d 215 (1990) said co-defendant(s) shall be liable for and shall indemnify and hold this

defendant(s) harmless for any and all amounts awarded to said plaintiff(s), as well as all

costs, disbursements and other damages associated with this litigation.

25.    Further, if plaintiff or any other party should recover judgment against this

answering defendant(s), then co-defendant(s) shall be liable to this defendant(s) for the

alleged occurrence and this defendant(s) is/are entitled to full indemnification from and

judgment over against said co-defendant(s) for all or part of any verdict or judgment which

any party may recover against the answering defendant(s) in such amounts as a jury or the

Court may determine.

26.    Answering defendant(s) demands judgment dismissing the Complaint herein

as to this defendant(s) and, further, demands judgment over and against co-defendant(s) for

the amount of any judgment which may be obtained herein by the plaintiff against this

answering defendant(s) or, in such amount as the Court or jury may determine, together with

the costs and disbursements of the action and the costs of prosecuting this cross-claim.

**WHEREFORE**, defendant demands judgment dismissing plaintiff's Complaint against it, together with the costs and disbursements of this action, and further demands that in the event said answering defendant is found liable to plaintiff herein, then said answering defendant, on the basis of apportionment of responsibility, have judgment over and against co-defendants, for all or part of the verdict or judgment that plaintiff may recover against said answering defendant together with the costs and disbursements of this action and for any expenses incurred by it in the defense thereof, including attorney fees.

Dated: New York, New York
        December 11, 2007

                                        Yours, etc.

                                        Robert P. Fumo, Esq.
                                        LAW OFFICES OF JOHN P. HUMPHREYS
                                        Attorneys for Defendant
                                        **ST. PETER'S COLLEGE**
                                        485 Lexington Avenue, 7th Floor
                                        New York, New York 10017
                                        (917) 778-6600

TO:

BEAL & BEAL, ESQS.
Attorneys for Plaintiff
34 Birchwood Park Crescent
Jericho, NY 11753
(631) 938-0877

SHAFER GLAZER, LLP
Attorneys for Defendant
Alliedbarton Security Services, LLC i/s/h
Alliedbarton Security Services, Inc.
90 John Street, 6th Floor
New York, NY 10038
(212) 267-0011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MATTHEW TORRES,

                                    Plaintiff,          Docket No.:1:07-cv-09323-RJH

        -against-                                       **VERIFIED ANSWER**
                                                        **JURY TRIAL DEMANDED**
ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.,

                                    Defendant.
-------------------------------------------------------X

Defendant, ALLIEDBARTON SECURITY SERVICES, LLC I/S/H ALLIEDBARTON

SECURITY SERVICES, INC., by its attorneys, SHAFER GLAZER, LLP, upon information and

belief, answers the plaintiff's complaint dated August 15, 207 as follows:

    1.    Denies any knowledge or information sufficient to form a belief as to the truth of

the allegations contained in the paragraph of the complaint herein designated as: 1, 2 and

5.

    2.    Denies each and every allegation contained in the paragraphs of the complaint

herein designated as: 3, 4, 8, 9, 10 and 11.

    3.    Denies each and every allegation contained in the paragraphs of the complaint

herein designated as 6 and 7 except admits that prior to December 8, 2006 ALLIED

SECURITY LLC contracted with SAINT PETER'S COLLEGE to provide security

services, begs leave to refer to said contract and applicable procedures manuals and refers

all questions of law to the court.

    **PLEASE TAKE FURTHER NOTICE** that this answering defendant specifically denies

each and every allegation not otherwise answered herein above.

**PLEASE TAKE FURTHER NOTICE** that the following AFFIRMATIVE DEFENSES are set forth as follows:

1. Plaintiff's claims against ALLIEDBARTON SECURITY SERVICES, LLC I/S/H ALLIEDBARTON SECURITY SERVICES, INC. are barred, in whole or in part, by the doctrines of contributory negligence.

2. Plaintiff's injuries or damages, if any, were not proximately caused by any act or omission on the part of ALLIEDBARTON SECURITY SERVICES, LLC I/S/H ALLIEDBARTON SECURITY SERVICES, INC.

3. Plaintiff's claimed damages on her claim for negligence must be reduced or precluded by the doctrine of comparative negligence.

4. The Complaint is barred, in whole or in part, by plaintiff's failure to mitigate the claimed damages.

5. Defendants are entitled to a credit for any and all medical bills for which plaintiff either received or is entitled to receive benefits from any other source pursuant to N.J.S.A. 2A:15-97 and any other applicable statute or common law.

6. Plaintiff's injuries, if any, were caused by third persons and specifically Akriah Stephenson and John Does 1-7 over whom these Defendants had no control.

7. New Jersey law applies to this action.

8. The venue for this action is improper, in that the proper venue is New Jersey.

**WHEREFORE**, Defendant demands judgment dismissing the complaint of plaintiff against it, together with the costs and disbursements of this action.

Dated:       New York, NY
             November 26, 2007

Yours, etc.,

Howard S. Shafer (HS5101)
SHAFER GLAZER, LLP
Attorneys for Defendant
ALLIEDBARTON SECURITY
SERVICES, LLC I/S/H ALLIEDBARTON
SECURITY SERVICES, INC.
90 John Street, 6th Floor

New York, NY 10038-3202
(212) 267-0011
Our File: SPG-00133

TO:

BEAL & BEAL, ESQS.
Attorneys for Plaintiff
MATTHEW TORRES
34 Birchwood Park Crescent
Jericho, NY 11753
(516) 938-0877
File No.

ST. PETER'S COLLEGE
Attorneys for Defendant
SELF REPRESENTED
2641 Kennedy Boulevard
Jersey City, NJ 07306
File No.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing On, affirmant served the within *Verified Answer to Complaint, Discovery Demands and Deposition Demands* were mailed by first class mail, postage prepaid this November 26, 2007 to all counsel of record as indicated on the service list below.

HOWARD S. SHAFER (HS5101)
For the Firm

### SERVICE LIST

Mr. Kenneth I. Beal
Beal & Beal, Esqs.
34 Birchwood Park Crescent
Jericho, NY 11753

ST. Peter's College
2641 Kennedy Boulevard
Jersey City, NJ 07306

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing On, affirmant served the within **Deposition Demand** was mailed by first class mail, postage prepaid this November 26, 2007 to all counsel of record as indicated on the service list below.

HOWARD S. SHAFER (HS5101)
For the Firm

## SERVICE LIST

Mr. Kenneth I. Beal
Beal & Beal, Esqs.
34 Birchwood Park Crescent
Jericho, NY 11753

ST. Peter's College
2641 Kennedy Boulevard
Jersey City, NJ 07306

DOCKET NO. 1:07-cv-09323-RJH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
MATTHEW TORRES,

Plaintiff,

   -against-

ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.,

Defendants.
----------------------------------------------------X

## VERIFIED ANSWER TO COMPLAINT, DISCOVERY DEMANDS AND DEPOSITION DEMAND

**SHAFER GLAZER, LLP**
Attorneys for Defendant
AlliedBarton Security Services, LLC i/s/h AlliedBarton
Security Services, Inc.
90 John Street, 6th Floor
New York, NY 10038-3202
(212) 267-0011
File No. SPG-00133

HSS/ac
5851

**EXHIBIT "C"**

# NYS Department of State

## Division of Corporations

## Entity Information

Selected Entity Name: ALLIEDBARTON SECURITY SERVICES LLC

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | ALLIEDBARTON SECURITY SERVICES LLC |
| **Initial DOS Filing Date:** | MAY 10, 2006 |
| **County:** | RENSSELAER |
| **Jurisdiction:** | DELAWARE |
| **Entity Type:** | FOREIGN LIMITED LIABILITY COMPANY |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

**Registered Agent**
C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

NOTE: New York State does not issue organizational identification numbers.

Search Results     New Search

Division of Corporations, State Records and UCC Home Page   NYS Department of State Home Page

# SECURITY SERVICE AGREEMENT

This **AGREEMENT**, made this 24th day of June, 2005, by and between Allied Security LLC (hereinafter "Allied Security"), 3606 Horizon Drive, King of Prussia, Pennsylvania 19406, and Saint Peter's College (hereinafter "Client"), located at 2641 Kennedy Boulevard, Jersey City, New Jersey 07306, is for security officer and other services for Client's location at 2641 Kennedy Boulevard, Jersey City, New Jersey.

In consideration of the mutual covenants herein, Allied Security and Client agree as follows:

## A.     Scope of Services

1.     Allied Security shall provide security officer and other services in the amount and for the times set forth in Addendum "A" attached hereto which is incorporated herein as if the same was set forth at length. Allied Security does not warrant or guarantee that the security services set forth in Addendum "A" constitute complete security at Client's location so as to prevent any loss or injury. Client agrees that Allied Security has not been engaged as a security consultant with respect to this location. Allied Security does agree to provide the services in a professional and diligent manner pursuant to the terms of this agreement

2.     From time to time, Client may request a change in the services designated in Addendum "A." Such requested changes, to be communicated in writing, will be effective only upon Allied Security's written approval which Allied Security will reasonably grant.

## B.     Personnel

1.     Allied Security is responsible for the hiring, training and supervision of all security officers assigned to Client's location. Allied Security will provide to the Client a letter certifying that the required credit, criminal and background checks for each of Allied Security's personnel at Client's location has been completed. In addition the Client can at any time audit the files of any security officer assigned to Client's location. Should Client direct or supervise security officers or alter or change the direction or supervision given by Allied Security to the security officers at its location without Allied Security's consent, Client will be responsible for any damages, liabilities, claims or other consequences that may result.

2.     In addition to the services set forth in Addendum "A" attached hereto, and in addition to any general or routine training provided by Allied Security to its security officers, Allied Security shall provide each of its employees assigned to Client's location with on-site training designed specifically for the needs of Client and its location. Allied Security will advise Client in advance as to the nature of such training and when it shall occur. Client may advise Allied Security on the substance and form of this training.

-1-

_Allied Security_
_Service Agreement_

3.    Allied Security shall provide uniforms for all assigned personnel. Allied Security will maintain these uniforms in good condition at Allied Security's sole cost and expense. Allied Security's personnel will not carry weapons of any kind.

4.    Security officers assigned to Client's location are employees of Allied Security, which is acting as an independent contractor. Allied Security will pay all appropriate compensation due and owing to its security officers and personnel, all employee contributions (i.e., pension, welfare, etc.), and all required payroll taxes and withholdings as levied by City, County, State and/or Federal authorities. Allied Security shall provide for all personnel administration of its employees assigned to Client's location. Allied Security expressly agrees that such security officers and personnel shall at no time be deemed employees of Client. Allied Security shall provide all required insurance for its personnel including (without limit) worker's compensation insurance.

5.    Allied Security is entitled to assign personnel to Client's location in full compliance with applicable Federal, State and Local equal opportunity and civil rights law. Upon reasonable written notice, Client shall have the right to request that any of Allied Security's employees whom it finds to be unacceptable be removed from its location. Upon Client's request, Allied Security shall promptly remove such employee. However, in no event will such a request for removal by Client be made for reasons that would violate applicable law.

6.    Client acknowledges that Allied Security has spent considerable time and expense in recruiting and training its employees. As such, Client agrees that it will not employ as a security officer or in any related capacity, directly or indirectly, including employment through a successor security contractor, any person who has been employed by Allied Security in a supervisory capacity and assigned to Client's location for a period of one hundred eighty (180) days following the last date of that person's employment with Allied Security at Client's location.

## C.    Term

1.    The term of this Agreement shall be for a period of one year beginning on June 24, 2005. This Agreement will automatically continue thereafter on a month to month basis until terminated by either party on thirty (30) days prior written notice at the rates set forth in Addendum A.

2.    This Agreement may be terminated by either party for non-performance of a material term of the agreement by the other party upon five (5) days prior written notice to the non-performing party. The non-performing party shall have the opportunity to cure the non-performance or deficiency within five (5) days after receipt of such written notice by the non-performing party.

-2-

*Allied Security*
*Service Agreement*

3. Either party shall have the right to immediately terminate this Agreement if the other party: 1) shall apply for or consent to or have imposed upon it the appointment of a receiver, custodian, trustee or liquidator of itself or of all or a substantial part of its property; 2) make a general assignment for the benefit of creditors; 3) commence a voluntary case under the Federal Bankruptcy Code; 4) file a petition seeking to take advantage of any other law providing for the relief of debtors; 5) fail to controvert in a timely manner, or acquiesce in writing to, any petition filed against it in any involuntary case under the Federal Bankruptcy Code; or 6) acknowledge in writing its inability to make payment as required under this Agreement.

## D. **Billing**

1. Allied Security will advance invoice Client monthly for all hours scheduled for the subsequent month and any associated costs. A discount of 1% will be provided for payment received on or before the 8th day of the month in which services are to be provided. To the extent that payment is not received on or before the 8th day of the month, no discount will be provided and payment is due 15 days from invoice date. Allied Security will provide a monthly reconciliation invoice that is due 15 days from invoice date. Any credit forthcoming as a result of such reconciliation will be applied in a manner to be determined by Client

2. The billing rates set forth in Addendum "A" attached hereto (hereinafter "Billing Rates") are valid for the first 12 months in which this agreement is in effect. The Billing rates will thereafter be increased annually in an amount not to exceed 3%. The Billing Rates do not include any planned or unplanned increase in Federal, State or Local payroll taxes, levies or withholdings or in state or federal minimum wage rates. Should an increase occur in any such tax, levy or withholding, or in state or federal minimum wage rates, which necessitates an increase in the wage rate paid to Allied Security personnel assigned to Client's location, Client agrees that Allied Security will pass the cost of the increase(s) through to Client as an increase in the Billing Rates set forth in Addendum "A" at the same mark up rate therein provided. Additionally, the Billing Rates do not include the costs of any Federal, State or Local regulations requiring inoculations and/or medical testing (e.g., HIV, Hepatitis B, etc.) for Allied Security employees, or any similar tests done at the request of Client. Any such additional costs shall be detailed on Addendum "A."

3. Client agrees to pay Allied Security one percent (1%) per month interest or such maximum amount as permitted by law, whichever is less, on any invoice not paid within thirty (30) days of invoice date. In the event that legal action is required to collect on any past-due invoiced amount owed to Allied Security by Client under this Agreement, Client agrees to pay to Allied Security the costs and reasonable attorney fees incurred in such action.

-3-

4.     In the event that Client requests additional services beyond that listed on Addendum "A," 48 hours notice should be given. In the event that less than 48 hours notice is given, such services will be billed at the billable overtime rate. If the request for additional services exceeds 5% of the base contract hours, then the additional services shall be billed at the billable overtime rate regardless of the amount of notice given. The Billable overtime rates for such additional services will continue to apply until the contract is amended in writing to provide for the increase in base hours, or for (30) days, whichever is sooner.

E.     **Property**

1.     Client recognizes and acknowledges that in performing its duties under this Agreement, Allied Security installs and utilizes proprietary software (hereinafter "Proprietary Software"), a valuable, special and unique asset of Allied Security and/or third parties. This Proprietary Software is and will remain the sole and exclusive property of Allied Security and/or those applicable third parties.

2.     Furthermore, any other property, equipment or supplies furnished by Allied Security to its personnel in performance of the services described in this Agreement shall remain the property of Allied Security and shall return to Allied Security at the expiration or termination of this Agreement.

3.     Upon expiration or early termination of this agreement, in the event that Allied Security has installed proprietary software on hardware owned by Client, Allied Security shall remove the proprietary software without damage to any hardware or software owned by Client and shall be obligated for all costs and expenses to restore or replace Client's hardware or software damaged as a result of the installation and use of the proprietary software.

F.     **Insurance and Indemnification**

1.     Allied Security shall maintain and provide, at its expense, appropriate Workers' Compensation coverage for its security officers and personnel assigned to Client's location at limits imposed by statute, to include Employer Liability coverage.

2.     Allied Security shall maintain for its own protection and use various other policies of insurance including Comprehensive General Liability coverage for its performance of security officer services at Client's location, among others.

3.     Additionally, Allied Security shall maintain Automobile Liability insurance to cover its employee's operation of its owned, leased and non-owned vehicles. However, to the extent that Client requires Allied Security officers and personnel to drive Client's vehicles in performance of the services described in this Agreement, Client agrees to carry Automobile Liability insurance for those vehicles with bodily injury and property damage limits of One

-4-

Million Dollars ($1,000,000.00) aggregate. Such insurance will be primary for any loss or damage occurring for Client vehicles operated by Allied Security officers or personnel in performance of the services being provided under this Agreement.

4.    Client agrees that Allied Security is not an insurer of Client's location. Except as provided elsewhere in this Agreement, Client assumes all risk of loss, physical damage and personal injury at its location or any other property resulting from fire, theft or other casualty, and Client waives any right of recovery and its insurers' right of subrogation against Allied Security for any loss or damage resulting from any such occurrence except in the event such loss or damage is caused by (i) breach of this Agreement or (ii) the negligent act or omission of Allied Security or its employees.

5.    Allied Security shall protect, defend, hold harmless and indemnify Client, its respective successors and assigns, and its directors, officers and employees from and against all claims, actions, liabilities, damages, losses, costs and expenses (including reasonable attorney's fees) arising out of or as a direct result of the performance of the services being provided by Allied Security pursuant to this Agreement, provided that any such claims, actions, liabilities, damages, losses, costs or expenses (1) result in bodily injury, sickness, disease or death or in damage to tangible property and (2) are caused by the failure of Allied Security to perform the services being provided pursuant to this Agreement or are caused by the negligent performance of Allied Security or its employees, or through the willful misconduct or unlawful activity of Allied Security or its employees.

6.    Client shall protect, defend, hold harmless and indemnify Allied Security, its respective successors and assigns, and its directors, officers and employees from and against all claims, actions, liabilities, damages, losses, costs and expenses (including reasonable attorney's fees) asserted against Allied Security by reason of or as a direct result of incidents or occurrences taking place or arising at Client's location, provided that any such claims, actions, liabilities, damages, losses, costs or expenses (1) result in bodily injury, sickness, disease or death or in damage to tangible property and (2) are caused by the failure of Client to perform the services set forth in this Agreement or are caused by the negligence, willful misconduct or unlawful activity of Client.

7.    Except as otherwise provided Allied Security and Client hereby waive all rights of subrogation against each other to the extent of any insurance coverage obtained pursuant to this Agreement, except such rights as the parties may have to the proceeds of such insurance coverage. If any of the policies of insurance require an endorsement to affect this waiver of subrogation, the owners of such policies shall cause them to be so endorsed.

*Allied Security*
*Service Agreement*

## G.  Miscellaneous

1.  This Agreement represents the entire agreement and understanding of the parties concerning the subject matter herein and replaces any and all previous agreements, understandings, representations, discussions or offers. No modification to this Agreement shall be effective unless reduced to writing and executed by both parties.

2.  A written waiver by either party of any of the terms or conditions of this Agreement at any time shall not be deemed or construed to be a waiver of such term or condition for the future or of any subsequent breach of the Agreement.

3.  This Agreement is entered into solely for the mutual benefit of the parties hereto and no benefits, rights, duties or obligations are intended or created by this Agreement as to any third parties.

4.  The parties each warrant and represent that each respectively is qualified to do business in the State of New Jersey and has the right to enter into this Agreement and to perform its respective duties and obligations of this Agreement and that the execution, delivery and performance of this Agreement do not, and will not, require the consent of a third party or violate the terms of any agreement to which such party is bound. Each party further warrants and represents that this Agreement has been executed by its duly authorized officer.

5.  This Agreement and all matters or issues collateral hereto shall be governed by the laws of the State of New Jersey. The parties hereto agree to be subject to personal jurisdiction of the State of New Jersey Superior Court or the United States District Court, District of New Jersey.

6.  If any of the terms or provisions of this Agreement are ruled to be invalid or inoperative, all the remaining terms and provisions shall remain in full force and effect.

7.  This Agreement may be executed in one or more counterparts, each of which shall constitute one and the same Agreement.

8   Allied Security shall not be responsible for additional expenses and costs incurred by it to provide services pursuant to this Agreement as a result of the following circumstances: strikes, riots, revolutions, wars, military actions, fires, floods, natural disasters, accidents, insurrections, lockouts or other acts of God, perils of the sea, stoppage of labor, or other events considered as "Force Majeure," or by any other unavoidable cause beyond Allied Security's reasonable control. All such additional expenses shall be the responsibility of Client as an additional charge invoiced and paid by Client as it is incurred, pursuant to the terms of the Billing section set forth above. Additionally, to the extent that Allied Security

*Allied Security*
*Service Agreement*

-6-

is unable to perform, or is delayed in performing, the services set forth in this Agreement, such nonperformance or delayed performance is not a breach of this Agreement nor cause for termination of this Agreement.

The parties hereto, intending to be legally bound hereby, enter into this Agreement as of the day and year first written above.

**ALLIED SECURITY LLC**                          **Client**

                                                 Saint Peter's College

By: _____                      By: _____
Print Name  GARY P. HAWKETT                      Print Name  JOHN R. OESTER
Title  VICE PRESIDENT, OPERATIONS                Title  Vice President of Finance and Business
Date  05 / 09 / 05                               Date  5 / 9 / 05

*Allied Security
Service Agreement*

# Addendum "A"

**Location:**        Saint Peter's College
                     2641 Kennedy Boulevard
                     Jersey City, New Jersey 07306

**Contact:**         John R. Oester
                     Vice President of Finance and Business
                     Saint Peter's College
                     2641 Kennedy Boulevard
                     Jersey City, New Jersey 07306
                     ( 201) 915 - 9020

**Contract Start Date:**     June 24, 2005

**Scheduled hours per week:**   1,402 HPW

**Cost of Service:**

| Position | HPW | Wage Rate | Bill Rate | OT/Holiday Rate |
|---|---|---|---|---|
| Director of Security | 40 | $25.00 | $35.00 | |
| Assistant Director | 40 | $18.00 | $25.56 | |
| Admin. Assistant | 40 | $11.00 | $15.62 | $23.43 |
| Supervisors | 88 | $11.00 | $15.62 | $23.43 |
| Saint Peter Hall Security Office | 248 | $ 8.50 | $12.07 | $18.11 |
| Bike Patrol Exterior | 168 | $ 8.50 | $12.07 | $18.11 |
| Roving Patrol | 56 | $ 8.50 | $12.07 | $18.11 |
| Evening Patrol | 56 | $ 8.50 | $12.07 | $18.11 |
| Night Patrol | 56 | $ 8.50 | $12.07 | $18.11 |
| Building Patrol (32 weeks) | 80 | $ 8.50 | $12.07 | $18.11 |
| Armory Lot (32 weeks) | 80 | $ 8.50 | $12.07 | $18.11 |
| Armory Shuttle (32 weeks) | 50 | $ 8.50 | $12.07 | $18.11 |

-8-

| | | | | |
|---|---|---|---|---|
| JSQ Shuttle (32 weeks) | 8 | $ 8.50 | $12.07 | $18.11 |
| Millennium Hall (36 weeks) | 98 | $ 8.50 | $12.07 | $18.11 |
| Saint Peter Hall (36 weeks) | 98 | $ 8.50 | $12.07 | $18.11 |
| Veterans Memorial Court (36 weeks) | 98 | $ 8.50 | $12.07 | $18.11 |
| Whelan Hall (36 weeks) | 98 | $ 8.50 | $12.07 | $18.11 |

Direct Bill Backs (annually):          JCPD Detail - $ 65,000.00
                                        Special Event Coverage - $13.459.00

**Estimated Annual Cost: $951,263.47**

**Scope of Service:**

- Security officer is to perform assigned duties according to the Site Operations Manual, which will be defined at a later date.
- Our Standard Bill Rate includes: Security Officer Basic Training (1 day Course), 8 Hours of On-the-Job Training and 4 hours of Annual Refresher Training. Any Additional Training required can be billed back directly as an additional expense.
- Any unusual incidents detected or reported will be reported to Client. An incident report will be filled out and a copy will be forwarded to Client.
- The security officer will also report any out-of-the-ordinary observation to Client.
- Any overtime that is requested by Client with less than 48 hours notice will be billed at 1.5 times the respective billing rates. All security officers working on the below listed holidays will receive 1.5 times their straight-time hourly rates. These holidays will be billed as incurred at 1.5 times the applicable billing rate only for the employees who work during the holiday. The holidays are as follows:

New Years Eve (6Pm- 12Am)              Labor Day
New Years Day                          Thanksgiving
Memorial Day                           Christmas Eve (6Pm –12Am)
July 4th                               Christmas Day
Martin Luther King Day

*Allied Security*
*Service Agreement*

# AlliedBartonBarton Security Services
## Saint Peter's College Proposed Transition Plan



# AlliedBartonBarton Security Services
## Saint Peter's College Proposed Transition Plan



# AlliedBartonBarton Security Services
## Saint Peter's College Proposed Transition Plan



# AlliedBartonBarton Security Services
## Saint Peter's College Proposed Transition Plan



Weekly Friday Progress meetings will be scheduled for the first 60 days after start date. Bi-weekly meetings will continue for the next 30 days. Other meetings will be scheduled as needed. Quarterly performance review and quality assurance meetings will be scheduled with Saint Peter's College Management Group commencing in September 2005. These meeting will include review and update of training, operations, human resources and administration issues. Form and content of review documentation to be agreed upon no later than June 23, 2005.

Tentative Quarterly review dates: September 27, 2005; December 28, 2005; March 26, 2006; June 27, 2006



**Vice President, Business Development**
Marc A. Burns
**Vice President, General Manager**
Frank Consoli
**Vice President, Operations**
Gary Hawkett
**Business Development Manager**
Bret Clauss
**District Manager**
Peter Digemma

**Director of Public Safety**
TBD
**Human Resources Manager**
Tracie Vincent
**Recruiting**
Scott Grove
**Trainer New Jersey**
Jose Diaz

**Vice President, Finance**
John Oester
**AlliedBarton's New Associate Direc**
Gregory Burns
**Additional Team Member to be deta**

ADDENDUM B

**Location:**     Saint Peter's College
                  2641 Kennedy Boulevard
                  Jersey City, New Jersey 07306

**Contact:**      Carmine Meluso
                  Interim Vice President of Finance and Business
                  2641 Kennedy Boulevard
                  Jersey City, New Jersey 07306
                  (201) 915-9020

**Re:**     Addendum B to "Security Officer Service Agreement" effective as of June 24th, 2005 (the "Agreement") by and
            between Allied Security LLC dba AlliedBarton Security Services and Saint Peter's College (hereinafter "Client")

This Addendum B confirms the agreement to modify the Agreement from for an additional 1-year term with the following bill
rate increase (3.00%) as outlined below effective July 14th, 2006.

**Renewal Date:**     07/14/2006

Scheduled hours per week: 1,402.00 HPW

| Position | Hours Per Week (HPW) | Bill Rate | OT/Holiday Rate | Annual Cost |
|---|---|---|---|---|
| Director of Security | 40.00 | $36.05 | N/A | $74,984.00 |
| Assistant Director | 40.00 | $26.33 | N/A | $54,766.40 |
| Administrative Assistant | 40.00 | $16.09 | $24.14 | $33,467.20 |
| Supervisors | 88.00 | $16.09 | $24.14 | $73,627.84 |
| Saint Peter Hall Security Office | 248.00 | $12.43 | $18.65 | $160,297.28 |
| Bike Patrol Exterior | 168.00 | $12.43 | $18.65 | $108,588.48 |
| Roving Patrol | 56.00 | $12.43 | $18.65 | $36,196.16 |
| Evening Patrol | 56.00 | $12.43 | $18.65 | $36,196.16 |
| Night Patrol | 56.00 | $12.43 | $18.65 | $36,196.16 |
| Building Patrol (32 weeks) | 80.00 | $12.43 | $18.65 | $31,820.80 |
| Armory Lot (32 Weeks) | 80.00 | $12.43 | $18.65 | $31,820.80 |
| Armory Shuttle (32 Weeks) | 50.00 | $12.43 | $18.65 | $19,888.00 |
| JSQ Shuttle (32 Weeks) | 8.00 | $12.43 | $18.65 | $3,182.08 |
| Millennium Hall (36 Weeks) | 98.00 | $12.43 | $18.65 | $43,853.04 |
| Saint Peter Hall (36 Weeks) | 98.00 | $12.43 | $18.65 | $43,853.04 |
| Veterans Memorial Court (36 Weeks) | 98.00 | $12.43 | $18.65 | $43,853.04 |
| Whelan Hall (36 Weeks) | 98.00 | $12.43 | $18.65 | $43,853.04 |
| **TOTALS** | **1,402.00 HPW** | | | **$876,443.52** |

*Note: Annual Estimate does not reflect any holiday or overtime premiums.*

Direct Bill Backs (annually):     Special Event Coverage: $13,862.77

                                  **Estimated Annual Cost:** **$890,306.29**

EXHIBIT "D"

JERSEY CITY POLICE DEPARTMENT SUPPLEMENTARY INVESTIGATION REPORT

| | | 2A. Mun. Code | 3A. Phone Number and Ext. | 19. Prosecutors Case No. | 20. Department File No. | | ☐ Co-op |
|---|---|---|---|---|---|---|---|
| JERSEY CITY POLICE DEPARTMENT | | 0906 | 201-547-5450 | | 06-041082 | | ☑ Original |
| District: WEST | | | | 21A. Victim's name / New Address if changed | | | |
| 5. Crime / Incident | | 5A. New Crime / Incident | | Matthew C Torres | | | |
| Aggravated Assault | | | | 2640 John F Kennedy Blvd | | | |
| Burglary | | | | Jersey City NJ 07306-5900 (US) | | | |

| 6A. New N.J. Statue | | 7A. Date of Crime | | ADDITIONAL VALUE STOLEN PROPERTY | 40A. Currency | 41A. Jewelry | 42A. Furs |
|---|---|---|---|---|---|---|---|
| | | Date from | | 43. Clothing | 44. Auto | | 45. Miscellaneous |
| | | Date to 12/08/2006 01:10 | | | | | |

| 46A. Additional Stolen Property Value | 47A. Additional Recovered Property Value | 48A. Teletype Alarm / GAS | | 49A. Additional Technical Services | | 50A. Technician and Agency | |
|---|---|---|---|---|---|---|---|
| 51A. Weather CLEAR | 52A. Evidence Bag No. | 53A. | | 54. Cross Reference File No. 06-041133 | 55A. Evidence None ☐ NJSBI ☐ Retained | 56A. Disposition ☐ Arrest Pending ☐ Teletype Pending | |
| 57A. Chem. Lab. No. | 58A. Ballistics Lab. No. | 59A. MV Summons No. | | 60A. | ☐ Returned ☐ Destroyed | ☐ Evidence Pending | |
| 61. No Arrested 0 | 61A. New Arrested 0 | 62A. Adult | 63A. Juvenile | 65A. Current Case Status INVESTIGATION | 66A. | 67A. | |

| 68. Name | | Address of Person(s) Arrested/Summoned | Phone Number | 69. Age | 70. Sex | 71. Race | 72. DOB |
|---|---|---|---|---|---|---|---|
| Akhirah A Stephenson | ARRESTED | 43 Phelps Ave New Brunswick NJ 08901-3712 ( ) | | 18 | F | BLACK | 05/03/1988 |
| Matthew C Torres | VICTIM | 2640 KENNEDY BLVD Room 22 JERSEY CITY NJ 07306 (US) | (646) 529-1762 | 18 | M | WHITE HISPANI | 09/02/1988 |

| 33. Vehicle | 34. Year | 35. Make/Model | | 36. Body Type | 37. Color | 38. Registration # and State | 39. VIN Number or Identification |
|---|---|---|---|---|---|---|---|

**73. Narrative**

On 12/8/2006 I did view the video supplied by St. Peter's College (SPC) involving this incident. The tape shows Akhirah Stephenson entering Whalen Hall (SPC student dormitory) with approximately four unidentified males and one female (identified by SPC Director of Security, John Morgan as Jazmen Stroman, dob-7-29-1988, 109 Rossell Ave. Trenton, NJ 08638, student at SPC). The tape also shows the same individuals leaving the dorm directly before the victim comes out to the lobby to report this incident to SPC security. I was unable to identify the males pictured in the video at this time.

Mark Cheatham (witness) stated that as he was being assaulted the actor made a statement that lead him (Cheatham) to believe that the actor was the brother of Ms. Stephenson. He (Cheatham) also stated that he believed that Akirah Stephenson had encouraged the unidentified males to attack him and the victim because he had a verbal dispute with her and she (Stephenson) did not "like" him or his roomates. I spoke with Detective Pappas of the New Brunswick Police Dept.(732-745-5200 x 5217) who stated that there were several hundred "Stephenson's" listed in their computer but none that had the same address as the arrested.

On December 8, 2006, this detective (Broady) did respond to St. Peter's College and did speak with Security Personnel (John Morgan, Director of Campus Safety and Richard Heymeyer, Asst. Dir. of Campus Safety 201-915-0042), regarding an incident that was directly involving this case (X-ref file #41133-06) in which the arrested ( A. Stephenson) did respond to SPC and was directly involved in harassing and assaulting a student at SPC

| 73A. | | | | |
|---|---|---|---|---|

| 74A. Type the Rank, Name and Badge of Reporting Officer(s) | 75A. | 76A. Page | 77A. Date of Report | 78A. TRU/DRU I.O. |
|---|---|---|---|---|
| BROADY, D N - INVESTIGATOR [D200] | Investigations | Page 1 of 2 | 12/08/2006 14:51 | BROADY, D N |
| | 79A. Unit W Detective 27 | 80. Event Number 06-282424 | 81A. Reviewed By | Lt. T. Lockwood |

Signature(s)

Requested by: 03332   Printed On: 12/13/2006  13:22

JERSEY CITY POLICE DEPARTMENT SUPPLEMENTARY INVESTIGATION REPORT

| JERSEY CITY POLICE DEPARTMENT | 2. Mun. Code | 5A. Crime / Incident | | 19. Prosecutor's Case No. | 20. Department File No. |
|---|---|---|---|---|---|
| District:    WEST | D908 | | | | 06-041082 |

(Samantha Simon).

Investigation to continue***

| 74A. Type the Rank, Name and Badge # of Reporting Officer(s) | | 75A. | 76A. Page | 77A. Date of Report | 78A. TRU/DRU I.D. |
|---|---|---|---|---|---|
| BROADY, D N - INVESTIGATOR [D200] | | Investigations | Page 2 of 2 | 12/08/2006 14:51 | BROADY, D N |
| | | 76A. Unit | 80. Event Number | 81A. Reviewed By | |
| Signature(s) | | W Detective 27 | 06-292424 | Lt. T. Lockwood | |

## JERSEY CITY POLICE DEPARTMENT INVESTIGATION REPORT
### **CLASSIFIED JUVENILE INFORMATION**

| | Jersey City Police Department | 2. Mun. Code | 3. Phone Number and Ext. | 4. UCR | 10. Prosecutor's Case No. | 20. Department File № | ☐ Co-op |
|---|---|---|---|---|---|---|---|
| District: | WEST | 0906 | 201-547-5450 | 0420 | | 06-041082 | ☑ Original |

| 5. Crime / Incident | 6. NJ Statute | 21. Victim (First, Middle, Last) |
|---|---|---|
| Aggravated Assault | (1) 2C:12-1b | Matthew C Torres |
| Burglary | (1) 2C:18-2 | |

| 22. Phone and Ext. No. | 23. D.O.B / Age | 24. Sex | 25. Race |
|---|---|---|---|
| (646) 529-1762      ext. | 09/02/1988   18 | M | WHITE HISPANIC |

26. Victim's Address (City, State, Zip)
2640 KENNEDY BLVD Room 220
JERSEY CITY NJ 07308 (US)

| DATE AND TIME | 7. Between ☐ | 8. Hour | 9. Day | 10. Month | 11. Date | 12. Year |
|---|---|---|---|---|---|---|
| | at ☑ | 0110 | Fri | 12 | 08 | 2006 |

| 27. Employer's Address | Phone and Ext. No. |
|---|---|
| Student | ext. |

| 13. Crime / Incident Location | | 28. Person Reporting Crime / Incident | 29. Date and Time |
|---|---|---|---|
| 2640 KENNEDY BLVD LOBBY JERSEY CITY NJ 07308 (US) | | SEC. ST PETER'S COLLEGE | 12/8/2006 01:37 |

| 14. Municipality | 15. County | 16. Referred To: | 30. Address | Phone and Ext. No. |
|---|---|---|---|---|
| JERSEY CITY | HUDSON | | 2640 KENNEDY BLVD LOBBY JERSEY CITY NJ 07308 (US) | 915-9138    ext. |

| 17. Type of Premises and Code | 18. Weapons / Tools and Code | 32. Physical / Clothing Description |
|---|---|---|
| COLLEGE DORM | OTHER CUTTING | |

31. Modus Operandi / How Committed
Actor(s) entered college dorm and slashed victim on left side of face     See narrative

| 33. Vehicle | 34. Year | 35. Make/Model | 36. Body Type | 37. Color | 38. Registration # and State | 39. VIN Number or Identification |
|---|---|---|---|---|---|---|
| | | | | | | |

| VALUE STOLEN PROPERTY | 40. Currency | 41. Jewelry | 42. Furs | 43. Clothing | 44. Auto | 45. Miscellaneous |
|---|---|---|---|---|---|---|
| | | | | | | |

| 46. Total Value Stolen | 47. Total Value Recovered | 48. Teletype Alarm/ OA # | 49. Technical Services | 50. Technician and Agency |
|---|---|---|---|---|
| | | | | |

| 51. Weather | 52. Evidence Bag No. | 53. VINE # | 54. Cross Reference File | 55. Evidence None | 56. Disposition |
|---|---|---|---|---|---|
| CLEAR | | | | ☐ NJSBI  ☐ Retained  ☐ Returned  ☐ Destroyed | ☐ Arrest Pending  ☐ Teletype Pending  ☐ Evidence Pending |

| 57. Chem. Lab. No. | 58. MV Ballistics No. | 59. MV Summons No. | 60. | | |
|---|---|---|---|---|---|
| | | | | | |

| 61. No. Arrested | 62. Adult | 63. Juvenile | 64. Crime Status | 65. Case Status | 66. | 67. |
|---|---|---|---|---|---|---|
| | | | ACTIVE | INVESTIGATION | | |

| 68. Name | Involvement | Address | Phone Number | 69. Age | 70. Sex | 71. Race | 72. DOB |
|---|---|---|---|---|---|---|---|
| Martin Daniels | WITNESS | 767 St. Nicholas New York NY 100321 (US) | (212) 491-1825 | 15 | M | BLACK | 07/19/1991 |
| Mark Cheatham | WITNESS | 2640 Kennedy BLVD Floor: 109 Jersey City NJ 07304 (US) | (646) 243-0824 | 18 | M | BLACK | 09/30/1988 |
| | | | | | | | |

73. Narrative
On the above date and time the U/S officers P.O. C. Dolan and P.O. E. Rodgers responded to Whelan Hall, St. Peter's College located 2640 Kennedy Blvd on a report of stabbing. Upon arrival the U/S met and spoke with P.O. Sean Joy #2782(St. Peter's Detail) and the victim, Matthew Torres(home address 250 Clinton St, NY, NY) who was already being treated by EMT's Bus#327/Run #077495. Victim already had bandages covering the laceration on the left side of his face and was unable to speak to P.O. C. Dolan at the time. The U/S also spoke with Security Supervisor Nelson Acevedo of Campus Security. Mr Acevedo stated that several black males who were not students entered the building with student Akriah Stephenson(DOB unknown) and proceeded to Dorm Room #109 where a Mark Cheatham(DOB 9/30/88 Tel#646-243-0824) resides.

U/S officers spoke with Mark Cheatham who stated the following events occurred. At approximately 0100 hrs he was watching movies in his room along with the victim and his brother Martin Daniels(DOB 7/19/91 Tel#212-491-1825) when several males knocked on his door and asked to speak with Mark. At that time he tried to slam the door on the actors but they still forced their way in. Once in the room, the actors began to go after him and a fight ensued between them. One of the actors then struck the victim in the face with a sharp unknown object causing a laceration to the left side of the face. Actors then fled the room and left the campus in an unknown direction.

| 74. Type the Rank, Name and Badge # of Reporting Officer(s) | 75. | 76. Page | 77. Date of Report | 78. TRU/DHU I.D. |
|---|---|---|---|---|
| RODGERS, E M - POLICE OFFICER [2723] | | Page 1 of 2 | 12/08/2006 04:29 | SANTANA, J M |
| DOLAN, C M - POLICE OFFICER [2821] | 79. Unit | 80. Event Number | 81. Reviewed By | |
| Signature(s) | S101 | 06-292424 | | |

Requested by: 85852  Printed On: 1/26/2007 10:37

## JERSEY CITY POLICE DEPARTMENT INVESTIGATION CONT. PAGE
### **CLASSIFIED JUVENILE INFORMATION**

| Jersey City Police Department | 2. Muh. Code | 5. Crime / Incident | 19. Prosecutor's Case No. | 20. Dept. nt nt File No. |
|---|---|---|---|---|
| District: WEST | 0906 | 2C:12-1b Aggravated Assault | | 06-04 0 |

73 A.

**Cont. from Narrative**

U/S officers also spoke with Martin Daniels.  Mr. Daniels stated that 6-7 black males in
their mid 20's did enter  Room #109 and during a fight slashed the victim with an unknown
object.  He did not see which actor did the slashing and could only give the following
information on the actors:
Actor#1)Light skin black male approximately 250lbs with spots on the face wearing a white
Tshirt, blue jeans and construction boots
Actor#2)Black male approximately 5'2" thin goatee and a pony tail wearing a black hat
Actor#3)Black male wearing a green jacket, blue jeans, and black Nike boots

The U/S along with P.O. Joy attempted to locate Akriah Stephenson with negative results.
SSGT Cairnes notified.  NDC Logan,  South Detective Carroll, and Capt Atkinson responded to
the scene.  BCI notified and SGT Solletti and P.O. Sullivan responded to photograph
Room#109.  U/S then proceeded to the Medical Center where the victim was waiting to be
treated.  West Detective Keller also responded to the medical center.  At the time of this
report the victim was not assigned a doctor and was still awaiting treatment.
Investigation turned over to Detectives.

| 74. Type the Rank, Name and Badge # of Reporting Officer(s) | 75. | 76. Page | 77. Date of Report | 78. TRU/ORU I.D. |
|---|---|---|---|---|
| RODGERS, E M - POLICE OFFICER [2723] DOLAN, C M - POLICE OFFICER [2821] Signature(s) | | Page 2 of 2 | 12/08/2006 04:29 | SANTANA, J M |
| | 79. Unit | 80. Event Number | 81. Reviewed By | |
| | 8101 | 06-292424 | | |

Requested by: 83852  Printed On: 1/25/2007  10:37

## JERSEY CITY POLICE DEPARTMENT EVIDENCE / PROPERTY REPORT

| ☑ EVIDENCE REPORT | PROPERTY #: 06-008937 | PROPERTY REPORT ☐ |
|---|---|---|

| 1. Jersey City Police Department | 2. Muni. Code | 3. Phone Number and Ext. | 4. Prosecutor's Case No. | 5. Department File No. |
|---|---|---|---|---|
| District: WEST | 0906 | 201-547-5450 | | 06-041082 |

**6. Owner's Name (First, Middle, Last)**
St. Peter's College Campus Saf

**7. Owner's Address (Number, Street, Municipality, State, Zip)**
2841 Kennedy Blvd. , JERSEY CITY NJ 07306 (US)

| 8. Location of Recovery (Number, Street, Municipality, State, Zip) | 9. Phone | Work | | | |
|---|---|---|---|---|---|
| | | Home | | | |

**10. Concise Explanation of Finding of Recovery**
CD of video surveillance of actor allowing access to premises of unknown actors just prior to Aggravated Assault.

| 12. Between | Time | Month | Day | Year |
|---|---|---|---|---|
| ☐ | | | | |
| At ☑ | 05:45 | December | 08 | 2006 |

### APPROXIMATE PROPERTY VALUES

| 13. Currency | 14. Jewelry | 15. Furs | 16. Clothing | 17. Miscellaneous | 18. Automobile | 19. Total Value |
|---|---|---|---|---|---|---|
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| 20. N.C.I.C. Inquiry Made | Fee Type | Transaction Type | 20a. Insurance Document | 21. Lab Request Submitted | 22a. Photo |
|---|---|---|---|---|---|
| ☐ Yes | ☐ Hit | ☐ Inquiry ☐ Cancellation | No | No | No photos |
| ☑ No | ☐ No Records | ☐ Entry ☑ None | 21b. GA Numbers Issued | Cross Reference File # | Cross Reference Bag # |
| | ☑ None | | No | | |

| 22. Owner Notified of Recovery ☐ Yes  Date/Time | 25. Technical Services | 26. Technical Services Performed By | Agency/Unit |
|---|---|---|---|
| 23. Photo Taken | 24. Photograph Taken By | ☐ Yes | |
| ☐ Yes | | | |

| 27. Evidence Bag # | 28. Arrest Status | 29. Property Type | | 30. Agency | |
|---|---|---|---|---|---|
| JH 065173 | ☐ Arrest made or anticipated | ☐ Firearm  ☐ Safekeeping / Victim's Property | ☑ Own | ☐ State | ☐ Out of State |
| ☐ Yes | ☐ Recovered / No arrest anticipated | ☐ Found Property  ☐ Domestic Violence Weapon(s) | ☐ Other NJ Agency | ☐ Federal | |
| | | ☐ Seized Currency  ☐ Narcotics  ☐ Weapon | | | |

| 31. Co-Defendants Name(s) | Address | Age | Charge |
|---|---|---|---|
| Akhirah A Stephens | 43 Phelps Ave , New Brunswick NJ 08901-3712 (US) | 18 | 2C:12-1b : Aggravated Assault |

| 32. Item # | QTY | Make | Model | Description of Item(s) Serial | Notes |
|---|---|---|---|---|---|
| 1 | 1 | Imation | 700mb | N/A | CD Surveillance Video. |

### TRACKING & DISPOSITION

| | | Signature | Date | Time | Employee I.D.# |
|---|---|---|---|---|---|
| 33. Moved | | | | | |
| From: | To: | By: | | | |
| 34. Moved | ☐ Property Room  Signature | Date | Time | Employee I.D.# | |
| Received | ☐ B.C.I. | | | | |

| 35. IN/OUT | Item(s) | Print Name | Agency | Date & Time | Signature & I.D.# | Property Room Initials |
|---|---|---|---|---|---|---|
| | | | | | | |

| 36. Released Date | 37. Proof of Ownership | 38. Declaration of Ownership | 39. Identification Presented (Photocopy & Agent) |
|---|---|---|---|
| | ☐ Receipt  ☐ Prosecutor's Release | ☐ Yes | |
| | ☐ Other | | |

| 40. Released To | ☐ Owner | ☐ Agent | ☐ Official | Name, Address & Telephone | 41. Signature of Owner / Agent / Official |
|---|---|---|---|---|---|
| | | | | | |

| | | | 43. Signature & I.D. of Officer Conducting Release | 43a. Signature of Officer Authorizing Release |
|---|---|---|---|---|

| 42. Rank / Name / Badge of Reporting Officer(s) | 44. Date & Time of Report | 47. TRN/DRU ID |
|---|---|---|
| CARROLL, JR, J O - INVESTIGATOR [D723] | 12/08/2006 05:55 | CARROLL, JR, J |

| 45. Property Room | 46. Items & Report Reviewed By (Supervisor) | 48. Status |
|---|---|---|
| Area:   Shelve:   Bin: | | ☐ Completed  ☑ Pending  ☐ Void |

Requested By: 85852 Printed On: 1/25/2007 16:37

06-041082

JERSEY CITY-POLICE DEPARTMENT SUPPLEMENTARY INVESTIGATION REPORT

| | | | | 19. Prosecutors Case No. | 20. Department File No. | ☐ Co-op |
|---|---|---|---|---|---|---|
| JERSEY CITY POLICE DEPARTMENT | 2A. Mun. Code | 3A. Phone Number and Ext. | | | 06-041082 | ☒ Original |
| District:  WEST | 0906 | 201-547-6450 | | | | |

| 5. Crime / Incident | 5A. New Crime / Incident | 21A. Victim's name / New Address if changed |
|---|---|---|
| Aggravated Assault | | SEC. ST PETER'S COLLEGE |
| Burglary | | |
| | | JERSEY CITY NJ {US} |

| 6A. New N.J. Status | | 7A. Date of Crime | ADDITIONAL VALUE STOLEN PROPERTY | 40A. Currency | 41A. Jewelry | 42A. Furs |
|---|---|---|---|---|---|---|
| | | Date from | | 43. Clothing | 44. Auto | 45. Miscellaneous |
| | | Date to 12/08/2006 00:00 | | | | |

| 46A. Additional Stolen Property Value | 47A. Additional Recovered Property Value | 48A. Teletype Alarm / GA# | 49A. Additional Technical Services | 50A. Technician and Agency |
|---|---|---|---|---|

| 51A. Weather | 52A. Evidence Bag No. | 53A. | 54. Cross Reference File No. | 55A. Evidence None ☐NJ88I ☐ Retained ☐ Returned ☐ Destroyed | 56A. Disposition ☐ Arrest Pending ☐ Teletype Pending ☒ Evidence Pending |
|---|---|---|---|---|---|
| UNKNOWN | | | | | |
| 57A. Chem. Lab. No. | 58A. Ballistics Lab. No. | 59A. MV Summons No. | 60A. | | |

| 61. No Arrested  0 | 61A. New Arrested | 62A. Adult | 63A. Juvenile | 65A. Current Case Status INVESTIGATION | 66A. | 67A. |
|---|---|---|---|---|---|---|

| 66. Name | Address of Person(s) Arrested/Summoned | Phone Number | 69. Age | 70. Sex | 71. Race | 72. DOB |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| 33. Vehicle | 34. Year | 35. Make/Model | 36. Body Type | 37. Color | 38. Registration # and State | 39. VIN Number or Identification |
|---|---|---|---|---|---|---|

73. Narrative

On the above date at approximately 0330 hrs the u/s responded to St. Peter's College Whelan Hall to further investigate the above referenced aggravated assault. Upon arrival the u/s after conferring with responding officers to establish those facts memorialized in original investigation report, spoke with Director of Residence Life Carla M. Panzella. At this time Ms. Panzella provided the u/s with actor's student emergency information and contact number which belonged to actor's sister, Malika Stephenson. At approximately 0430 hrs this date the u/s spoke with Malika Stephenson who in turn advised u/s that she would attempt to contact actor and have her respond to the West Detective's Office for questioning involving this incident. While preparing this report the u/s was advised by NDC Sgt. Logan that he, had reviewed surveillance video in which actor is seen allowing actors access to scene, and that she had returned to the above scene and was presently being detained by St. Peter's Campus Security. At this time West Patrol Unit responded to above location and transported the actor Akirah A. Stepenson and her female friend to the West Detective Base.

Upon arrival at the West Detective Base the u/s advised the actor that we had secured video surveillance of her gaining access for three unknown dark skinned male actors into the above location just prior to the assault. When asked by u/s the identification of these actors, including the name of her brother, the actor stated that she did not know them and would provide no further information. At this time, based on prior verbal statements made by victim to Detective Keller at the Jersey City Medical Center Emergency Room and the video surveillance of the actor allowing the three unknown male actor's access to the premises just prior to the assault, the u/s placed Akhirah A. Stephenson under arrest for

73A.

| 74A. Type the Rank, Name and Badge # of Reporting Officer(s) | 75A. | 76A. Page | 77A. Date of Report | 78A. TRUDRU I.D. |
|---|---|---|---|---|
| CARROLL, JR., J O - INVESTIGATOR [0723] | | Page 1 of 2 | 12/08/2006 04:45 | CARROLL, JR., J O |
| Signature(s) | 79A. Unit SDET | 80. Event Number 06-292424 | 81A. Reviewed By | |

Requested by: 05692  Printed On: 1/25/2007  10:35

JERSEY CITY POLICE DEPARTMENT SUPPLEMENTARY INVESTIGATION REPORT

| JERSEY CITY POLICE DEPARTMENT District: WEST | 2. Mun. Code 0906 | 5A. Crime / Incident | | 19. Prosecutor's Case No. | 20. Department File No. 06-041062 |
|---|---|---|---|---|---|

aggravated assault and she was advised of her Miranda Rights.

The u/s placed CD marked Campus Safety 201-915-9138 SPC into evidence Bag # JH 066173 and arrest warrant ( W2006-015216) was issued at which time actor was processed at West Detective Base accordingly.

Investigation to continue pending identification of unidentified actor(s).....

| 74A. Type the Rank, Name and Badge # of Reporting Officer(s) CARROLL, JR., J O - INVESTIGATOR [0723] | 76A. | 76A. Page Page 2 of 2 | 77A. Date of Report 12/08/2006 04:45 | 76A. TRU/CRU I.D. CARROLL, JR., J O |
|---|---|---|---|---|
| Signature(s) | 79A. Unit SDET | 80. Evani Number 06-292424 | 81A. Reviewed By | |

Requested by: 86852  Printed On: 1/25/2007  10:39

**EXHIBIT "E"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
                                            Index No.: 2007 CV-09323-RJH
MATTHEW TORRES,

                    Plaintiff,

                                            **PLAINTIFF'S RESPONSE**
                                            **TO INTERROGATORIES**
        -against-                           (ALLIEDBARTON SECURITY SERVICES)

ST. PETER'S COLLEGE and ALLIEDBARTON SECURITY
SERVICES, INC.,

                    Defendants.
_____X

Plaintiff, by his attorneys, BEAL & BEAL, ESQS, responds to defendant

ALLIEDBARTON SECURITY SERVICES, INC. demand for interrogatories as follows:

1) MATTHEW TORRES

2) Plaintiff MATTHEW TORRES was born on September 20, 1988. His social

   security number is 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.

3) The plaintiff presently resides at 280 Madison Street, Apartment #5H, New York,

   New York 10002. At the time of the subject incident, the plaintiff was a student

   at ST. PETER'S COLLEGE, and he resided on the campus.

4) The subject incident occurred on December 8, 2006 at approximately 1:00 a.m.

5) The subject incident occurred at St. PETERS COLLEGE, located at 2640

   Kennedy Boulevard, Jersey City, New Jersey. Room 109 at Whelan Hall (college

   dormitory).

6) The plaintiff was in the dormitory room of Mark Cheathem watching television when several males who were not students at ST. PETERS COLLEGE forcibly entered the room and attacked the plaintiff. The plaintiff was sliced across the face with a foreign object.

7) The plaintiff was a student at ST. PETERS COLLEGE and was spending leisure time in the dormitory room of a fellow student at the time of the assault.

8) The plaintiff was watching television/movies.

9) The assailants were forcing themselves into the room where the plaintiff was.

10) The defendants, its agents, servants and/or employees should have provided adequate and competent security at the school premises to protect the lawful students at the college, and more particularly, the plaintiff herein. The defendants its agents, servants and/or employees failed to provide proper supervision and security, and failed to properly operate, maintain, and secure the subject premises to prevent the serious injuries sustained by the plaintiff herein.

11) The exact names of the assailants are unknown at this time.

12) Unknown at this time

13) Constructive notice is claimed to the extent that the defendants are legally obligated to provide adequate and competent security services to the lawful students at the College. The defendants knew, or should have known, of the need and importance of providing adequate and competent security services to the students, which is why defendant ALLIEDBARTON SECURITY SERVICES, LLC was hired by the defendant ST. PETER'S COLLEGE.

14) Unknown at this time.

15) Each defendant , its agents, servants, and/or employees were negligent, reckless and careless and failed to provide adequate and competent security at the school premises and Whelan Hall in particular, failed to provide proper supervision and security; failed to properly operate, maintain, and secure the subject premises for the health, safety, and welfare of the lawful students therein, and more particularly, this plaintiff, failed to protect the plaintiff and to provide adequate and reasonable security; failed to hire and train adequate, competent security and college personnel; failed to have efficient and sufficient security and college personnel, and defendants caused, created, and allowed a hazardous and dangerous environment to exist.

16) The defendants, inter alia, caused, permitted and allowed unauthorized, non-students to enter the subject premises in violation and breach of security measures designed to protect and serve the lawful student body.

17) The plaintiff MATTHEW TORRES, suffered the following serious and protracted injuries:

    A) Permanent 9.0 cm by 0.5 cm transverse hypertrophic spread scar deformity of the left side of the face with permanent pigmentation changes.

    B) Irritation, painful parethesia, and tightness of the left side of the face.

    C) Severe emotional and psychological trauma, including adjustment disorder with anxiety and post-traumatic stress disorder.

The aforementioned injuries directly affected the skin, bones tissues, tendons, nerves, muscles, blood vessels, ligaments of the injured parts, produced symptomatic areas, caused organic and functional disturbances, soft tissue damage, arthritic changes, and nerve pressure.

Upon information and belief, all of the aforementioned injuries and their effects, as hereinabove referred to and described, are permanent in their nature and duration, except those of a superficial nature, and may grow progressively worse in their effects, residuals, results, symptoms and extent.

Plaintiff reserves the right to amend and/or add injuries to the above list if and when such injuries are diagnosed.

The plaintiff reserves the right to supplement and amend the above injuries if additional medical information becomes available.

18) The plaintiff is still disabled. His educational and vocational plans have changed dramatically.

19) The plaintiff was treated at Jersey City Medical Center, 355 Grand Street, Jersey City, New Jersey 07302, after the subject incident.

20) To be provided at a later date.

21) The plaintiff was a student at ST. PETERS COLLEGE at the time of the subject incident. He no longer attends school at ST. PETERS COLLEGE.

## CERTIFICATION OF SERVICE

I, DAVID A. GLAZER, hereby certify that on April 7, 2008, the within **Motion to transfer venue** was mailed by first class mail, postage prepaid to all counsel of record as indicated on the service list below.:

Mr. Kenneth I. Beal
Beal & Beal, Esqs.
34 Birchwood Park Crescent
Jericho, NY 11753

Mr. Robert P. Fumo
Law Offices of John P. Humphreys
485 Lexington Ave, 7th Floor
New York, NY 10017

DAVID A. GLAZER (DAG4504)

**INDEX NO. 1:07-CV-09323-RJH**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

MATTHEW TORRES,

                                Plaintiff,

        -against-

ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.,

                                Defendants.

----------------------------------------------------------------------X

## *MOTION TO TRANSFER VENUE*

**SHAFER GLAZER, LLP**
Attorneys for Defendant
ALLIEDBARTON SECURITY SERVICES, LLC i/s/h
ALLIEDBARTON SECURITY SERVICES, INC.
90 John Street, Suite 607
New York, NY 10038-3202
(212) 267-0011
File No. SPG-00133

DAG/ac
6652.doc