EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MATTHEW TORRES,                                    Index No.: 07 CIV 9323

                        Plaintiff(s).                    **ANSWER**

     -against-

ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.

                       Defendant(s).
-------------------------------------------------------------------X

       The LAW OFFICE OF JOHN P. HUMPHREYS, as attorneys and on behalf of Defendant **ST. PETER'S COLLEGE**, answering the Verified Complaint of Plaintiff herein, upon information and belief, respectfully alleges:

### ANSWERING A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF MATTHEW TORRES

    1.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Verified Complaint designated "1," "2," "3" and "4".

    2.    Denies each and every allegation contained in the paragraph of the Verified Complaint designated **"5" and "7"**, and respectfully refers all questions of law to this Honorable Court.

    3.    Denies each and every allegation contained in the paragraph of the Verified Complaint designated "8," "9," "10" and "11".

### AS AND FOR A FIRST, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

4. The Complaint fails to state a cause of action upon which relief can be granted as to this party.

**AS AND FOR A SECOND, SEPARATE,
AFFIRMATIVE AND COMPLETE DEFENSE TO
PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES
OF ACTION, THIS DEFENDANT RESPECTFULLY
SETS FORTH AND ALLEGES UPON INFORMATION
AND BELIEF:**

5. The injuries and damages allegedly sustained by plaintiff were caused in whole or in part by the culpable conduct of plaintiff, including negligence and assumption of risk, as a result of which the claim of plaintiff is therefore barred or diminished in the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and damages.

**AS AND FOR A THIRD, SEPARATE, AFFIRMATIVE
AND COMPLETE DEFENSE TO PLAINTIFF'S
ALLEGED CAUSE AND/OR CAUSES OF ACTION,
THIS DEFENDANT RESPECTFULLY SETS FORTH
AND ALLEGES UPON INFORMATION AND BELIEF:**

6. This party's responsibility for non-economic loss, if any, which is expressly denied herein, is less than 50% of any responsibility attributed to any tortfeasor, whether or not a party hereto, who is or may be responsible for the happening of plaintiff's alleged accident and, thus, this party is entitled to a limitation of damages as set forth in CPLR Article 16.

**AS AND FOR A FOURTH, SEPARATE,
AFFIRMATIVE AND COMPLETE DEFENSE TO
PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES
OF ACTION, THIS DEFENDANT RESPECTFULLY
SETS FORTH AND ALLEGES UPON INFORMATION
AND BELIEF:**

4. The Complaint fails to state a cause of action upon which relief can be granted as to this party.

### AS AND FOR A SECOND, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

5. The injuries and damages allegedly sustained by plaintiff were caused in whole or in part by the culpable conduct of plaintiff, including negligence and assumption of risk, as a result of which the claim of plaintiff is therefore barred or diminished in the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and damages.

### AS AND FOR A THIRD, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

6. This party's responsibility for non-economic loss, if any, which is expressly denied herein, is less than 50% of any responsibility attributed to any tortfeasor, whether or not a party hereto, who is or may be responsible for the happening of plaintiff's alleged accident and, thus, this party is entitled to a limitation of damages as set forth in CPLR Article 16.

### AS AND FOR A FOURTH, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

7. Defendants, their agents, servants and employees acted at all times in a justified manner.

### AS AND FOR A FIFTH, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

8. That the plaintiff's alleged damages representing the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss were or will, with reasonable certainty, be replaced or indemnified, in whole or in part, by or from a collateral source and this Court shall, pursuant to CPLR Section 4545(c), reduce the amount of such alleged damages by the amount such damages were or will be replaced or indemnified by such collateral source.

### AS AND FOR A SIXTH, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

9. Plaintiff's injuries, if any, were caused by the culpable conduct of parties other than the answering defendant and over when defendant had no control.

### AS AND FOR A SEVENTH, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

10. That the plaintiff has failed to join, as defendants, all necessary and proper parties in this action.

### AS AND FOR A EIGHTH, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES

OF ACTION, THIS DEFENDANT RESPECTFULLY
SETS FORTH AND ALLEGES UPON INFORMATION
AND BELIEF:

11. Upon information and belief plaintiff failed to mitigate damages.

AS AND FOR A NINTH, SEPARATE, AFFIRMATIVE
AND COMPLETE DEFENSE TO PLAINTIFF'S
ALLEGED CAUSE AND/OR CAUSES OF ACTION,
THIS DEFENDANT RESPECTFULLY SETS FORTH
AND ALLEGES UPON INFORMATION AND BELIEF:

12. That in the event plaintiff has or should in the future, settle any portion of the claims arising from the allegations contained in plaintiff's Complaint with any currently named or still to be named defendant(s), the respective rights of the remaining parties should be determined pursuant to Section 15-108 of the General Obligations Law.

*AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNIFICATON
AGAINST CO-DEFENDANT ALLIEDBARTON SECURITY SERVICES, INC.,
THIS DEFENDANT ALLEGES THE FOLLOWING:*

13. That if plaintiff was caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part due to the primary and active carelessness, recklessness and negligence and/or negligent acts of omission or commission of the co-defendant, its agent(s), servant(s) and/or employee(s) with the negligence of this answering defendant(s), if any, being secondary, derivative and created solely by operation of law.

14. If plaintiff should recover judgment against the answering defendant(s), then co-defendant shall be liable to fully indemnify this answering defendant(s) for the amount of any recovery obtained herein by plaintiff(s) against this answering defendant(s) as the Court or jury may direct.

15. That by reason of this action, answering defendant(s) has (have) been and will be put to costs and expenses, including attorneys' fees, and, this defendant(s) demands judgment dismissing the Complaint herein as to this defendant(s) and, further, demands judgment over and against co-defendant(s) for the amount of any judgment which may be obtained herein by the plaintiff against this answering defendant(s) or in such amount as a Court or jury may determine, together with the costs and disbursements of the action.

### AS AND FOR A CROSS-CLAIM FOR CONTRACTUAL INDEMNIFICATION AGAINST CO-DEFENDANT ALLIEDBARTON SECURITY SERVICES, INC., THIS DEFENDANT ALLEGES THE FOLLOWING:

16. That if plaintiff was caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part by any reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission of co-defendant(s), its agent(s), servant(s) and/or employee(s).

17. That co-defendant(s) and this answering defendant(s) duly entered into a contract/agreement/lease wherein co-defendant(s) agreed to hold harmless, fully indemnify and assume the defense of this defendant(s) and that such contract/agreement/lease was in full force and effect on the date of the incident made the subject of this litigation. The relevant terms of such contract are hereby incorporated by reference as if same were more fully set forth herein.

18. That by reason of the foregoing, co-defendant(s) will be liable to fully indemnify this defendant(s) for the amount of any recovery which may be obtained herein by plaintiff(s) against this answering defendant(s) or, in such amount as a Court or jury may determine, together with the costs and disbursements of the action.

19. That by reason of this section, this defendant(s) has/have been and will be put to costs and expenses, including attorneys' fees.

20. That demand has been made upon co-defendant to assume all responsibilities under such agreement and said demand has been wrongfully refused.

### AS AND FOR A CROSS-CLAIM FOR COMMON LAW NEGLIGENCE AGAINST CO-DEFENDANT ALLIEDBARTON SECURITY SERVICES, INC., THIS DEFENDANT ALLEGES THE FOLLOWING:

21. That if plaintiff was caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part by any reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission of co-defendant(s), its agent(s), servant(s) and/or employee(s).

22. Further, if plaintiff(s) should recover judgment against this answering defendant(s), the co-defendant(s) shall be liable to this defendant on the basis of apportionment of responsibility for the alleged occurrence and this defendant is entitled to contribution from and judgment over and against co-defendant(s) for all or part of any verdict or judgment which plaintiff(s) may recover in such amounts as a jury or Court may direct.

23. This defendant(s) demands judgment dismissing the Complaint herein as to the answering defendant(s), and further demands judgment over and against co-defendant(s) for the amount of any judgment which may be obtained herein by plaintiff against this answering defendant(s) or in such amount as the Court or jury may determine, together with the costs and disbursements of the action.

## AS AND FOR A CROSS-CLAIM FOR INSURANCE COVERAGE AGAINST CO-DEFENDANT ALLIEDBARTON SECURITY SERVICES, INC., THIS DEFENDANT ALLEGES THE FOLLOWING:

24. That if plaintiff is entitled to recovery from this answering defendant(s), then co-defendant(s) will be obliged to fully indemnify this answering defendant pursuant to the terms of a contract/agreement/lease which provided that this answering defendant(s) shall be named as an Additional Insured on the policy or policies of liability insurance obtained by co-defendant; that in the event said co-defendant(s) failed to procure such insurance coverage for this answering defendant then, pursuant to Kinney v. G.W. Lisk Co., 76 N.Y.2d 215 (1990) said co-defendant(s) shall be liable for and shall indemnify and hold this defendant(s) harmless for any and all amounts awarded to said plaintiff(s), as well as all costs, disbursements and other damages associated with this litigation.

25. Further, if plaintiff or any other party should recover judgment against this answering defendant(s), then co-defendant(s) shall be liable to this defendant(s) for the alleged occurrence and this defendant(s) is/are entitled to full indemnification from and judgment over against said co-defendant(s) for all or part of any verdict or judgment which any party may recover against the answering defendant(s) in such amounts as a jury or the Court may determine.

26. Answering defendant(s) demands judgment dismissing the Complaint herein as to this defendant(s) and, further, demands judgment over and against co-defendant(s) for the amount of any judgment which may be obtained herein by the plaintiff against this answering defendant(s) or, in such amount as the Court or jury may determine, together with the costs and disbursements of the action and the costs of prosecuting this cross-claim.

*WHEREFORE*, defendant demands judgment dismissing plaintiff's Complaint against it, together with the costs and disbursements of this action, and further demands that in the event said answering defendant is found liable to plaintiff herein, then said answering defendant, on the basis of apportionment of responsibility, have judgment over and against co-defendants, for all or part of the verdict or judgment that plaintiff may recover against said answering defendant together with the costs and disbursements of this action and for any expenses incurred by it in the defense thereof, including attorney fees.

Dated: New York, New York
      December 11, 2007

                Yours, etc.

                Robert P. Fumo, Esq.
                LAW OFFICES OF JOHN P. HUMPHREYS
                Attorneys for Defendant
                **ST. PETER'S COLLEGE**
                485 Lexington Avenue, 7th Floor
                New York, New York 10017
                (917) 778-6600

TO:

BEAL & BEAL, ESQS.
Attorneys for Plaintiff
34 Birchwood Park Crescent
Jericho, NY 11753
(631) 938-0877

SHAFER GLAZER, LLP
Attorneys for Defendant
Alliedbarton Security Services, LLC i/s/h
Alliedbarton Security Services, Inc.
90 John Street, 6th Floor
New York, NY 10038
(212) 267-0011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MATTHEW TORRES,

                        Plaintiff,

-against-

ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.,

                        Defendant.
------------------------------------------------------X

Docket No.:1:07-cv-09323-RJH

**VERIFIED ANSWER**
**JURY TRIAL DEMANDED**

      Defendant, ALLIEDBARTON SECURITY SERVICES, LLC I/S/H ALLIEDBARTON SECURITY SERVICES, INC., by its attorneys, SHAFER GLAZER, LLP, upon information and belief, answers the plaintiff's complaint dated August 15, 207 as follows:

      1.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the complaint herein designated as: 1, 2 and 5.

      2.     Denies each and every allegation contained in the paragraphs of the complaint herein designated as: 3, 4, 8, 9, 10 and 11.

      3.     Denies each and every allegation contained in the paragraphs of the complaint herein designated as 6 and 7 except admits that prior to December 8, 2006 ALLIED SECURITY LLC contracted with SAINT PETER'S COLLEGE to provide security services, begs leave to refer to said contract and applicable procedures manuals and refers all questions of law to the court.

      **PLEASE TAKE FURTHER NOTICE** that this answering defendant specifically denies each and every allegation not otherwise answered herein above.

**PLEASE TAKE FURTHER NOTICE** that the following AFFIRMATIVE DEFENSES are set forth as follows:

1. Plaintiff's claims against ALLIEDBARTON SECURITY SERVICES, LLC I/S/H ALLIEDBARTON SECURITY SERVICES, INC. are barred, in whole or in part, by the doctrines of contributory negligence.

2. Plaintiff's injuries or damages, if any, were not proximately caused by any act or omission on the part of ALLIEDBARTON SECURITY SERVICES, LLC I/S/H ALLIEDBARTON SECURITY SERVICES, INC.

3. Plaintiff's claimed damages on her claim for negligence must be reduced or precluded by the doctrine of comparative negligence.

4. The Complaint is barred, in whole or in part, by plaintiff's failure to mitigate the claimed damages.

5. Defendants are entitled to a credit for any and all medical bills for which plaintiff either received or is entitled to receive benefits from any other source pursuant to N.J.S.A. 2A:15-97 and any other applicable statute or common law.

6. Plaintiff's injuries, if any, were caused by third persons and specifically Akriah Stephenson and John Does 1-7 over whom these Defendants had no control.

7. New Jersey law applies to this action.

8. The venue for this action is improper, in that the proper venue is New Jersey.

**WHEREFORE**, Defendant demands judgment dismissing the complaint of plaintiff against it, together with the costs and disbursements of this action.

Dated: New York, NY
November 26, 2007

*Yours, etc.,*

/Howard S. Shafer (HS5101)
SHAFER GLAZER, LLP
Attorneys for Defendant
ALLIEDBARTON SECURITY SERVICES, LLC I/S/H ALLIEDBARTON SECURITY SERVICES, INC.
90 John Street, 6th Floor

New York, NY 10038-3202
(212) 267-0011
Our File: SPG-00133

TO:

BEAL & BEAL, ESQS.
Attorneys for Plaintiff
MATTHEW TORRES
34 Birchwood Park Crescent
Jericho, NY 11753
(516) 938-0877
File No.

ST. PETER'S COLLEGE
Attorneys for Defendant
SELF REPRESENTED
2641 Kennedy Boulevard
Jersey City, NJ 07306
File No.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing On, affirmant served the within *Verified Answer to Complaint, Discovery Demands and Deposition Demands* were mailed by first class mail, postage prepaid this November 26, 2007 to all counsel of record as indicated on the service list below.

HOWARD S. SHAFER (HS5101)
For the Firm

**SERVICE LIST**

Mr. Kenneth I. Beal
Beal & Beal, Esqs.
34 Birchwood Park Crescent
Jericho, NY 11753

ST. Peter's College
2641 Kennedy Boulevard
Jersey City, NJ 07306

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing On, affirmant served the within ***Deposition Demand*** was mailed by first class mail, postage prepaid this November 26, 2007 to all counsel of record as indicated on the service list below.

_____
HOWARD S. SHAFER (HS5101)
For the Firm

## SERVICE LIST

Mr. Kenneth I. Beal
Beal & Beal, Esqs.
34 Birchwood Park Crescent
Jericho, NY 11753

ST. Peter's College
2641 Kennedy Boulevard
Jersey City, NJ 07306

DOCKET NO. 1:07-cv-09323-RJH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MATTHEW TORRES,

        Plaintiff,

 -against-

ST. PETER'S COLLEGE and ALLIEDBARTON SECURITY SERVICES, INC.,

        Defendants.
------------------------------------------------------X

### *VERIFIED ANSWER TO COMPLAINT, DISCOVERY DEMANDS AND DEPOSITION DEMAND*

SHAFER GLAZER, LLP
Attorneys for Defendant
AlliedBarton Security Services, LLC i/s/h AlliedBarton Security Services, Inc.
90 John Street, 6th Floor
New York, NY 10038-3202
(212) 267-0011
File No. SPG-00133

HSS/ac
5851