**EXHIBIT "A"**

JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

07 CIV 9323

JUDGE HOLWELL

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Matthew Torres | St. Peter's College and AlliedBarton Security Services, LLC i/s/h AlliedBarton Security Services, Inc. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Beal & Beal, Esqs., 34 Birchwood Park Crescent Jericho, NY 11753 (516) 938-0877 | Shafer Glazer, LLP, 90 John Street, 6th Floor, New York, NY 10038 (212) 267-0011 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

28 U.S.C. §1441(b) allows for removal and it is a claim for personal injuries arising out of an alleged assault which occurred in New Jersey

RECEIVED OCT 17 2007 S.D.N.Y. CASHIERS

Has this or a similar case been previously filed in SDNY at any time? No [X]  Yes? [ ]   Judge Previously Assigned

If yes, was this case Vol[ ]  Invol. [ ]  Dismissed. No[ ]  Yes [ ]  If yes, give date _____

(PLACE AN [x] IN ONE BOX ONLY)

## NATURE OF SUIT

### TORTS

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [x] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

### ACTIONS UNDER STATUTES

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

### ACTIONS UNDER STATUTES

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 246 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $_____   OTHER _____   JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES  [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)

**ORIGIN**

- [ ] 1 Original Proceeding
- [x] 2a. Removed from State Court
- [ ] 2b. Removed from State Court AND at least one party is a pro se litigant
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)

**BASIS OF JURISDICTION**

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [x] 4 DIVERSITY

**IF DIVERSITY, INDICATE CITIZENSHIP BELOW.**
**(28 USC 1332, 1441)**

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [x] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [x] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

280 Madison St, Apt. 511, New York, NY 10002 County of New York

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Allied Barton Security Services, LLC, 3606 Horizon Drive, King of Prussia, PA 19406-2647, Montgomery County

ST. Peter's College, 2641 Kennedy Boulevard, Jersey City, NJ 07306, Hudson County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO: [ ] WHITE PLAINS   [x] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE    SIGNATURE OF ATTORNEY OF RECORD    ADMITTED TO PRACTICE IN THIS DISTRICT
RECEIPT #                                  [ ] NO
                                           [x] YES (DATE ADMITTED Mo. 02  Yr. 1990 )
                                           Attorney Bar Code # HS5101

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**07 CIV 9323**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   NOTICE OF REMOVAL  **JUDGE HOLWELL**

MATTHEW TORRES,

                Plaintiff,

                                  DOCKET NO.:

  -against-

ST. PETER'S COLLEGE and
ALLIEDBARTON SECURITY SERVICES,
INC.,

                Defendant.
-----------------------------------------------------------X



TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Defendant ALLIEDBARTON SECURITY SERVICES, LLC I/S/H ALLIEDBARTON SECURITY SERVICES, INC. hereby files this Notice of Removal of the above-described action to the United States District Court for the Southern District of New York from the New York State Supreme Court, New York County, where the action is now pending as provided by Title 28, U.S. Code, Chapter 89 and states:

1. ALLIEDBARTON SECURITY SERVICES, LLC I/S/H ALLIEDBARTON SECURITY SERVICES, INC. is the defendant in the above entitled action.

2. The above entitled action was commenced in the Supreme Court, New York County, State of New York and is now pending in that court. A copy of the plaintiff's complaint setting forth the claim for relief upon which the action is based was first received by the Defendant on October 4, 2007.

3. The action is a civil action for a personal injuries as a result of an alleged assault and the United States District Court for the Southern District of New York has jurisdiction by reason of the diversity of citizenship of the parties.

4. Plaintiff is now and at the time the state action was commenced a citizen of the State of New York and Defendant ALLIEDBARTON SECURITY SERVICES, LLC I/S/H ALLIEDBARTON SECURITY SERVICES, INC. is now and at the time the state action was commenced a citizen of the State of Delaware and defendant ST. PETER'S COLLEGE is a resident of New Jersey. The matter in controversy exceeds, exclusive of costs and disbursements, the sum or value of $150,000. No change of citizenship of parties has occurred since the commencement of the action. Defendant is not a citizen of the state in which the action was brought.

5. A copy of all process, pleadings, and orders served upon Defendant is filed with this notice.

6. Defendant will give written notice of the filing of this notice as required by 28 U.S.C.A. § 1446(d).

7. A copy of this notice will be filed with the clerk of the Supreme Court, New York County, as required by 28 U.S.C. § 1446(d).

Dated:    New York, NY
            October 17, 2007

SHAFER GLAZER, LLP
Attorneys for ALLIEDBARTON SECURITY SERVICES, LLC
I/S/H ALLIEDBARTON SECURITY SERVICES, INC.

By: s/Howard S. Shafer
HOWARD S. SHAFER (HS5101)
90 John Street, 6th Floor
New York, New York 10038
(212) 267-0011


ST. Peter's College
2641 Kennedy Boulevard
Jersey City, NJ 07306

Beal & Beal, Esqs.
Mr. Kenneth I. Beal
34 Birchwood Park Crescent
Jericho, NY 11753

**CERTIFICATE OF SERVICE**

        I hereby certify that a copy of the foregoing Notice of Removal and Rule 7.1 Statement were mailed by first class mail, postage prepaid this October \_\_\_\_\_, 2007, to all counsel of record as indicated on the service list below.

                                        HOWARD S. SHAFER (HS5101)
                                        For the Firm

**SERVICE LIST**

ST. Peter's College
2641 Kennedy Boulevard
Jersey City, NJ 07306

Beal & Beal, Esqs.
Mr. Kenneth I. Beal
34 Birchwood Park Crescent
Jericho, NY 11753

**07 CIV 9323**

**JUDGE HOLWELL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X   RULE 7.1 STATEMENT
MATTHEW TORRES,

        Plaintiff,

        DOCKET NO.:

-against-

ST. PETER'S COLLEGE and
ALLIEDBARTON SECURITY SERVICES,
INC.,

        Defendant.
----------------------------------------------------------X

RECEIVED OCT 17 2007 U.S.D.C. S.D.N.Y. CASHIERS

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    Pursuant to Rule 7.1 of the Federal Rules of Civil Procedures Allied Security Holdings LLC ("Allied Parent"), a Delaware limited liability company with its principal place of business in King of Prussia, PA is the sole member of AlliedBarton Security Services LLC

Dated:    New York, NY
          October 17, 2007

                    **SHAFER GLAZER, LLP**
                    Attorneys for ALLIEDBARTON SECURITY SERVICES, LLC
                    I/S/H ALLIEDBARTON SECURITY SERVICES, INC.

    By: _____
           HOWARD S. SHAFER (HS5101)
           90 John Street, 6th Floor
           New York, New York 10038
           (212) 267-0011

ST. Peter's College
2641 Kennedy Boulevard
Jersey City, NJ 07306

Beal & Beal, Esqs.
Mr. Kenneth I. Beal
34 Birchwood Park Crescent
Jericho, NY 11753

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
MATTHEW TORRES

        Plaintiff,

-against-

ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.

        Defendants.
-----------------------------------------------------------------x

Index No.: 07-119350

Plaintiff designates
New York County as the
Place of trial

The basis of the venue
is where the plaintiff
resides.

SUMMONS:

Plaintiff resides at
280 Madison Street
Apt. #511
New York, NY 10002
County of New York

To the above named defendants,

   **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's Attorney(s) with 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for relief demanded in the complaint.

Dated: August 15, 2007

Defendant's address:
ST. PETER'S COLLEGE
2641 Kennedy Boulevard
Jersey City, New Jersey 07306

ALLIEDBARTON SECURITY SERVICES, INC.
3606 Horizon Drive
King of Prussia, Pennsylvania 19406

BEAL & BEAL, ESQS.
Attorney for the Plaintiff
34 Birchwood Park Crescent
Jericho, New York 11753
(516) 938-0877

NEW YORK
COUNTY CLERK'S OFFICE

SEP 12 2007

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------- X
MATTHEW TORRES

        Plaintiff,

                                                                    VERIFIED COMPLAINT

                                                                     Index No:
-against-

ST. PETER'S COLLEGE and ALLIEDBARTON SECURITY SERVICES, INC.

        Defendants.
-------------------------------------------------------------- X

Plaintiff, by his attorney(s), BEAL & BEAL, ESQS, complaining of the defendants respectfully alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF MATTHEW TORRES

1. That upon and belief and at all times hereinafter mentioned, plaintiff was and still is a resident of the County, City, and State of New York.

2. That upon information and belief and at all times hereinafter mentioned, Defendant ST. PETER'S COLLEGE was and still is a private educational institution existing by virtue of the laws of the State of New Jersey, with a location at 2641 Kennedy Boulevard, Jersey City, New Jersey.

3. That upon information and belief and at all times hereinafter mentioned, defendant ALLIEDBARTON SECURITY SERVICES, INC. is a domestic corporation with a corporate office located at 3606 Horizon Drive, King of Prussia, Pennsylvania.

4. That upon information and belief and at all times hereinafter mentioned, defendant ALLIEDBARTON SECURITY SERVICES, INC. is a foreign corporation with a corporate office located at 3606 Horizon Drive, King of Prussia, Pennsylvania.

5. That upon information and belief, and at all times hereinafter mentioned, the defendant ST. PETER'S COLLEGE, was the owner, lessee, permittee, or otherwise in possession and control of the facility located at 2641 Kennedy Boulevard, Jersey City, New York 07036.

6. That upon information and belief, and at all times herein mentioned, the defendant ALLIEDBARTON SECURITY SERVICES, INC. was hired and retained by defendant ST. PETER'S COLLEGE to provide security services for the students and college community at large.

7. That upon information and belief and at all times herein mentioned, both the defendants undertook and obligated themselves to the students at the school to secure, maintain and operate it with a due and proper regard for the safety of its students, including plaintiff herein.

8. That on or about the 8th day of December, 2006, while the plaintiff was lawfully on the campus of defendant ST. PETER'S COLLEGE, he was viciously assaulted and caused to sustain serious injuries resulting from the defendants' failure to provide proper supervision and security; that the defendants, its agents, servants, and/or employees negligently caused and permitted a hazardous and dangerous condition to exist by virtue of its failure to properly hire and train security personnel, and to operate, maintain and

secure said school premises, thereby endangering it's students, specifically the plaintiff herein.

9. The defendants, it's agents, servants and/or employees were reckless, careless and negligent in failing to provide proper, sufficient, competent and adequate security to the students lawfully at the subject school, in failing to hire trained and competent personnel; in failing to have efficient and knowledgeable security personnel; in causing and creating a hazardous and dangerous condition at the school; in leaving students in dangerous circumstances; in violating the applicable security rules and security regulations; and the defendants, its agents, servants and /or employees, were otherwise reckless, careless and negligent.

10. That as a result of both of the defendants' negligence, plaintiff MATTHEW TORRES was caused to suffer severe and permanent injuries, including severe facial scarring ; further plaintiff required hospital attention and may require such care in the future; plaintiff became substantially disabled; experienced extreme mental anguish and distress, psychological injuries and trauma; plaintiff was unable to attend to his usual duties and activities; and further experienced extreme pain and suffering; difficulty in sleeping; nightmares, and plaintiff has been otherwise damaged, all of which are permanent in nature and continuing into the future.

11. That by reason of the foregoing, the plaintiff MATTHEW TORRES, has been damaged in a sum to be determined by a court of competent jurisdiction which exceeds the jurisdictional limit of all lower courts.

WHEREFORE, plaintiff demands judgment against both defendants in the First Cause of Action in a sum to be determined by a court of competent jurisdiction which exceeds the jurisdictional limits of all lower courts.

Dated: Jericho, New York
August 15, 2007

Yours, etc.

*[signature]*

BEAL & BEAL, ESQS.
Attorneys for Plaintiff
MATTHEW TORRES
By: Kenneth I. Beal, Esq.
34 Birchwood Park Crescent
Jericho, New York 11753
(516) 938-0877