UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MATTHEW TORRES,

                     Plaintiff,                    **AFFIRMATION IN SUPPORT**

-against-                                      Docket No.1:07-CV-09323-RJH

ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.,

                     Defendants.
------------------------------------------------------------------X

      I, DAVID A. GLAZER, **affirm under penalty of perjury** that:

1. I am a Partner of the firm of SHAFER GLAZER, LLP attorneys for defendant(s) ALLIEDBARTON SECURITY SERVICES, LLC i/s/h ALLIEDBARTON SECURITY SERVICES, INC. (hereinafter 'Allied'). I am fully familiar with all the pleadings and proceedings heretofore had herein by virtue of my reading of the records maintained by this office which records your affirmant believes to be true, complete and correct.

2. This affirmation is made in support of the instant motion for an order pursuant to 28 U.S.C. § 1404(a) transferring the venue of this action from the Southern District of New York to the District of New Jersey.

3. This action was commenced by the filing of a summons and complaint in Supreme Court of the State of New York in the County of New York on or about September 12, 2007. On October 17, 2007, the action was removed to the United States District Court for the Southern District of New York. Annexed hereto as exhibit "A" is the Notice of Removal with the plaintiff's summons and complaint.

4. Issue was joined on behalf of Allied on November 26, 2007. Issue was joined on behalf of the defendant, St. Peters College (hereinafter 'St. Peters') on or about December 11, 2007. Annexed hereto collectively as exhibit "B" are the answers filed on behalf of the defendants.

5. Allied is a Delaware limited liability company with its principal place of business in Pennsylvania. St. Peters is a New Jersey academic institution. Annexed hereto as exhibit "C" is the security service agreement between the two entities which lists their principal place of business as well as the New York State, Department of State, Division of Corporations listing for Allied.

6. This incident involves an assault that alleged took place at 2640 Kennedy Boulevard, Jersey City, New Jersey on December 8, 2006 in a dorm room on the campus of St. Peters. Annexed collectively hereto as exhibit "D" and exhibit "E" is the Jersey City Police Department Investigation Report and Plaintiff's Response to Interrogatories.

7. Pursuant to 28 U.S.C. § 1391, if this action had been brought in Federal Court originally, it could have only been venued in New Jersey, Delaware or Pennsylvania.

8. None of the operative facts pertaining to this action occurred with the state of New York. The only connection this action has to the state of New York is the residence of the plaintiff.

9. As it appears from the pleadings, this case will involve determination of various questions of New Jersey law with which the New Jersey courts are more familiar.

10. Upon information and belief, all of the fact witnesses outside of the plaintiff are located in the state of New Jersey, including Jersey City Police Department personnel (Detective Broady, Detective Carroll, Detective Keller, Detective Logan, Officer Sullivan, Officer Rogers and Officer Dolan), ambulance personnel, emergency room personnel, St. Peters personnel, Allied personnel and the students at St. Peters who have information about the facts of this case. In the room where the assault allegedly occurred were students, Mark Cheatham, Martin Daniels, Chad Cameron and Isiah Peers. The alleged assailants were escorted into the building by two students, Akirah Stephenson (who lives at 43 Phelps Ave, New Brunswick, NJ) and Jazmen Stromen, (who lives at 109 Rossell Avenue, Trenton, NJ).

11. Upon information and belief, all of these relevant witnesses are subject to process of the United States District Court for the District of New Jersey.

12. Allied's investigation of this matter is continuing and it is likely it may call witnesses other than those named above whose testimony will relate to matters material to the defense, but to the best of affiant's knowledge and belief, all possible witnesses on such matters reside in the state of New Jersey.

13. Justice will be promoted by transferring this action to the District of New Jersey because the state of New Jersey is the location of the incident, most of the witnesses are there, including police officers who would likely be burdened by having to travel outside state boundaries, New Jersey law will apply, the District of New Jersey will be in a better position to compel testimony of the non-party witnesses and the interests of justice.

14. As set forth in the accompanying memorandum of law, this action should be transferred to the United State District Court for the District of New Jersey.

15. Accordingly, the movant respectfully requests that this Court grant its motion and transfer this matter to the United State District Court for the District of New Jersey.

WHEREFORE, your affirmant respectfully requests that the Court grant the instant motion in its entirety, along with such other, further and different relief as to this Court may seem just and proper.

Dated: New York, New York
April 1, 2008

_____
DAVID A. GLAZER (DAG4504)