UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MATTHEW TORRES,

                            Plaintiff,                    Index No. 1:07-CV-09323-RJH

    -against-

ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.,

                            Defendants.
-----------------------------------------------------------------X

**MEMORANDUM OF LAW OF DEFENDANT ALLIEDBARTON SECURITY SERVICES, LLC IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

## I. STATEMENT OF FACTS/PROCEDURAL HISTORY

The plaintiff in this matter filed his complaint in the Supreme Court of the State of New York in the County of New York on or about September 12, 2007 against St. Peter's College and AlliedBarton Security Services, LLC. Plaintiff's complaint arises from an assault that occurred on December 6, 2006 in room 109 of the premises known as 2640 Kennedy Blvd., Jersey City, New Jersey, which is part of the St. Peters College campus. This building is also known as Whelan Hall. Plaintiff contends that the assault occurred because of the negligence of the defendants.

AlliedBarton Security Services, LLC (hereinafter 'Allied') is a Delaware limited liability company with a principal place of business in the state of Pennsylvania. St. Peter's College is an academic institution located in the state of New Jersey. The plaintiff is a resident of the State of New York. Pursuant to diversity jurisdiction under 28 USC §1332, this case was removed from the state court and into the United States District Court for the Southern District of New York.

Defendant, Allied, now moves this court for an order pursuant to 28 USC § 1404 transferring the venue of this matter to the United States District Court for the District of New Jersey. This action could have originally been filed in the United States District Court for the District of New Jersey and New Jersey is the forum where the operative facts arose.

## II. LEGAL ARGUMENT

28 USC § 1404 governs changes of venue in District Courts, and provides as follows at subsection (a):

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Pursuant to 28 U.S.C. § 1391, this action could have been brought in New Jersey, Pennsylvania or Delaware. The only connection to the state of New York is the residence of the plaintiff.

The determination of whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court. Filmline (Cross-Country) Productions, Inc. v. United Artists Corporation, 865 F.2d 513, 520 (2d Cir. 1989). The burden is on the moving party to make a "clear and convincing showing that transfer is proper." Habrout v. City of New York, 143 F.Supp.2d 399, 401 (S.D.N.Y. 2001). The core determination under section 140 4(a) is the "center of gravity of the litigation." TM Claims Service v. KLM Royal Dutch Airlines, 143 F.Supp.2d 402, 403 (S.D.N.Y. 2001). The factors to be considered when considering a change of venue include:

> "(1) the plaintiff's original choice of forum, (2) the locus of the operative facts, (3) the convenience and relatives means of the parties, (4) the conveniences of the witnesses, (5) the availability of process to compel the attendance of witnesses,

(6) the location of physical evidence, including documents, (7) the relative familiarity of the courts with the applicable law, and (8) the interest of justice." Royal & Sunalliance v. British Airways, 167 F.Supp.2d 573, 576 (S.D.N.Y. 2001).

There is no rigid formula for balancing these factors and no single one of them is determinative. Cartier v. D&D Jewelry Imports, 510 F.Supp.2d 344 (S.D.N.Y. 2007). An analysis of these factors in the case of the action currently before this Court should be transferred to the United States District Court for the District of New Jersey. New Jersey is the "center of gravity of the litigation" in this action. Each of these factors will be considered separately below.

### PLAINTIFF'S CHOICE OF FORUM

This action could have been brought in the District of New Jersey because the incident occurred in the state of New Jersey. However, plaintiff chose to bring this action in the state of New York were only the plaintiff resides. A plaintiff's choice of venue is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of a transfer. Royal & Sunalliance, supra at 576. However, a plaintiff choice of forum is given less weight where the case is operative facts have little connection with the chosen forum. TM Claims Service, supra at 404.

In this action the plaintiff's chosen forum is not where the cause of action arose. The cause of action arose in New Jersey. All of the significant events involved in this matter took place outside of New York and in the state of New Jersey. The assault took place in New Jersey. The non-party witnesses are all located in New Jersey. Plaintiff's initial medical treatment took place in New Jersey. The plaintiff was a student of the defendant St. Peter's College at the time of the incident, which is located in New Jersey. The only connection between this matter and the state of New York is the residency of the plaintiff. If this case have been brought initially in the federal court, it could not have been brought in the state of New York under 28 USC § 1391.

### LOCUS OF OPERATIVE FACTS

The location of the operative facts is traditionally an important factor to be considered in deciding where case should be tried. The preferred venue is where the center of gravity of the facts of the case occurred. Ricoh Co. v. Honeywell, Inc., 817 F.Supp. 473 (D.N.J. 1993); Rahwar v. Nootz, 1994 WL 723040 (D.N.J). In this action, the center of gravity is located in Jersey City, New Jersey, the location of St. Peter's College. None of the operative facts arose in the Southern District of New York. Accordingly, this matter should be transferred to the United States District Court for the District of New Jersey.

### CONVENIENCE AND RELATIVE MEANS OF THE PARTIES

When weighing the convenience of the witnesses, courts must consider the materiality, nature and quality of each witness, not nearly the number of witnesses in each district. Royal & Sunalliance, supra at 577. In this matter, because a criminal act occurred, it will be necessary to

take depositions of the responding police detectives and officers. Additionally, it is presumed that it will be necessary for these police detectives and officers to testify at the time of trial. Furthermore, two potential fact witnesses, who reside in the state of New Jersey, who may know the names of the assailants, have been identified. Additionally, while the addresses of the assailants are currently not known to this defendant, there were four other people in the dorm room where plaintiff was allegedly attacked. If they are still students at St. Peter's College, it would be more convenient for those students to travel locally to testify as to the facts of the alleged assault than to travel into another state.

### ABILITY TO COMPEL WITNESS TESTIMONY

"Related to the convenience of witnesses is the ability to compel the attendance of witnesses who might be reluctant to appear voluntarily." Royal Insurance Company of America v. United States, 998 F.Supp 351, 354 (S.D.N.Y. 1998). In this action, the two alleged co-conspirators, Akirah Stephenson and Jazmen Stromen, have apparently been unwilling to cooperate with the police in naming the assailants. While they cannot be compelled to testify against themselves in a criminal matter, they can be compelled to testify in a civil matter. It is presumed in that they will be unwilling to testify voluntarily in this action. Furthermore, the security guard involved has been relieved of her position. As such, it is likely that a subpoena will be needed to compel her testimony as well. Accordingly, the District Court in New Jersey would be in a better position to compel their testimony.

### LOCATION OF PHYSICAL EVIDENCE

The incident took place being Jersey City, New Jersey. A surveillance video was taken of the entrance of the alleged entrance into the dormitory. Upon information and belief, that surveillance video is in the possession of the District Attorney in Jersey City. An inspection of the premises has already been scheduled in this matter for May 6, 2008. All other documentary evidence is in the possession of St. Peter's College. Thus, all of the relevant factual evidence is located in the state of New Jersey with the exception of the plaintiff himself.

### FAMILIARITY WITH GOVERNING LAW

While your affirmant is sure that this Court is eminently capable of dealing with issues of New Jersey law, the District Court of New Jersey deals with the substantive law on a daily basis. As such, the New Jersey courts are more familiar with New Jersey law.

### INTERESTS OF JUSTICE

In this section, the state of New Jersey has a strong interest in having this matter adjudicated in this jurisdiction. The incident involves an assault at a New Jersey academic institution and there is an active criminal investigation into the incident as well as a pending prosecution of Akirah Stephenson. Thus, any further information that would assist the state of New Jersey in its prosecution of a criminal matter would be in the interests of justice.

Concerning the interest of justice, "there should be considered the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, cost of obtaining attendance of willing witnesses, and all other practical problems that make trial of a case easy expeditious and inexpensive." ORC, Inc. v. Progress Drillers, Inc., 481 F. Supp 147 (W.D.Okla. 1979). A criminal matter the state of New Jersey is at the heart of the issues in this case. Therefore, there is a strong societal interest that this matter be tried in New Jersey. New Jersey has a strong governmental interest in ensuring the safety of its citizens. Thus, the state with the most compelling interest in this matter is a state of New Jersey.

### III.  CONCLUSION

The totality of these factors mandates the transfer of this action from the United States District Court for the Southern District of New York to the United States District Court for the District of New Jersey. The incident occurred in New Jersey and the majority of fact witnesses are located in New Jersey. Furthermore, there are several witnesses for whom it may be necessary to compel their testimony and the District of New Jersey is in a better position to compel that testimony. Responding police officers and emergency medical personnel are all located in New Jersey as is the surveillance video. The only connection this action has to this forum is th residence of the plaintiff, which is insufficient in light of the multitude of the other factors in favor of transfer. For all of the foregoing reasons, it is respectfully requested that this Honorable Court grant the instant motion in its entirety and transfer the venue of this matter to the United States District Court for the District of New Jersey.

Respectfully submitted,

By: _____
DAVID A. GLAZER (DAG4504)