UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MATTHEW TORRES,

                              Plaintiff,                              **AFFIRMATION
IN OPPOSITION**

    -against-

ST. PETER'S COLLEGE and ALLIED BARTON          Docket No.:
SECURITY SERVICES, INC.,                               2007-CV-09323-RJH

                              Defendants.
-----------------------------------------------------------------X

      KENNETH I. BEAL, at attorney duly admitted to practice law in the courts of the State of New York, hereby affirms under the penalty of perjury that:

      1.      Your affirmant is the attorney for the plaintiff MATTHEW TORRES, in the above-entitled action, and, as such, is fully familiar with the facts and circumstances surrounding the above-entitled action by reason of a review of the files maintained by his office.

      2.      This affirmation is submitted in opposition to the motion of the defendant ALLIED BARTON SECURITY SERVICES, LLC i/s/h ALLIED BARTON SECURITY SERVICES, INC. (hereinafter referred to as "ALLIED BARTON") for an order pursuant to 28 U.S.C. 1404(a) transferring the venue of this action from the Southern District of New York to the District of New Jersey on the alleged basis of convenience of witnesses.

      3.      The above-entitled action is brought by plaintiff MATTHEW TORRES, for injuries and damages suffered by the plaintiff as a result of an assault which occurred on

or about December 8, 2006 in a dorm room of St. Peter's College, located at 2640 Kennedy Blvd., Jersey City, NJ. At the time of this incident, the plaintiff MATTHEW TORRES was viciously assaulted and caused to sustain severe and permanent personal injuries resulting from, among other things, defendants' failure to provide proper supervision and security, and to operate, maintain, control and secure the said school premises.

4. Venue in this action is proper. Pursuant to CPLR 503, venue is predicated upon the residence of one of the parties at the time that the action was commenced. Indeed, CPLR 503 provides in pertinent part that:

> (a) **Generally.** Except where otherwise prescribed by law, **the place of trial shall be in the court in which one of the parties resided when it was commenced**; or if none of the parties them resided in the state, in any county designated by the plaintiff. A party resident in more than one county shall be deemed a resident of each such county. {emphasis supplied}

5. The plaintiff, MATTHEW TORRES, resided in New York County at the time this action was commenced and, therefore, he properly designated New York County as the place for trial. Thus, on September 12, 2007, at the time the summons and complaint herein were duly filed in the New York County Clerk's office, the plaintiff, MATTHEW TORRES was and still is a resident of New York County. Accordingly, since plaintiff is a resident of New York County, per CPLR 503(b), venue properly lies in New York County per CPLR 503(a). Moreover, a plaintiff's choice of venue is entitled to **significant consideration** and will not be disturbed unless other factors weigh strongly in favor of a transfer. Royal & Sunalliance v. British Airways, 167 F. Supp.2d 576, 576 (S.D.N.Y. 2001).

6.    Defendant ALLIED BARTON now moves for a discretionary change of venue, on the basis of the convenience of material witnesses under the provisions of 28 USC 1404.

7.    It is respectfully submitted that the defendant herein has failed to meet its burden for such a discretionary change of venue. The defendant herein, in moving for a discretionary change of venue has the heavy, and mandatory, burden of demonstrating that the convenience of <u>material</u> witnesses would be better served by the change. See <u>Heinemann v.Grunfeld</u>, 224 A.D.2d 204, 637 N.Y.S.2d (1st Dept. 1996). The burden rests on the moving party to make a "clear and convincing showing that transfer is proper." <u>Habrout v. City of New York</u>, 143 F. Supp.2d 399, 401 (S.D.N.Y. 2001) and defendant herein has failed to meet that burden.

8.    In <u>O'Brien v. Vasser Brothers Hospital, et al.</u>,207 A.D.2d 169, 622 N.Y.S.2d 284 (2nd Dept. 1995) the court enumerated with great specificity the necessary criteria to support a motion for change of venue under CPLR 510(3) but also dispelled the misconception that a transitory action should necessarily be venued in the county where plaintiff's cause of action accrued. The decision in <u>O'Brien</u> confirms that a discretionary change of venue under CPLR 510(3) is justified only when the necessary criteria are satisfied. In <u>O'Brien v. Vassar Brothers Hospital</u>, <u>supra</u>,, the Court held that

> [a] review of the caselaw decided with reference to CPLR 510(3) and its antecedents establishes that there is general consensus among appellate courts as to the existence, if not as to **the absolute rigidity and inexorability**, of four criteria which should be established by the movant in order to demonstrate his or her entitlement to relief pursuant to CPLR 510(3). The elements to be shown are as follows:

> First, "the affidavit in support of a motion under this section must contain ... the names, addresses and occupations of the prospective witnesses {citations omitted};
>
> Second, a party seeking a change of venue for the convenience of witnesses is also required to disclose the facts to which the proposed witnesses will testify at the trial, so that the court may judge whether the proposed evidence is necessary and material {citations omitted};
>
> Third, the moving party must show that the witnesses for whose convenience a change of venue is sought are in fact willing to testify {citations omitted};
>
> Fourth, there must be a showing as to how the witnesses in question would in fact be inconvenienced in the event a change of venue were not granted. {citations omitted}.

9.   The O'Brien court held that four criteria must be established by the movant to demonstrate entitlement to change of venue pursuant to CPLR 510(3). Defendant ALLIED BARTON herein, as movant, has failed to satisfy their burden upon this motion seeking to change venue, requiring a denial of the motion in its entirety.

10.  First, defendant ALLIED BARTON failed to set forth the addresses of the prospective "material" witnesses whom this defendant claims testimony is necessary from, as set forth in their motion to change venue, warranting a denial of the instant motion. Specifically, no addresses were provided for the responding police detectives and officers, the assailants themselves are indeed admittedly unknown to defendant and it is unknown if the four other people in the dorm room where plaintiff was attacked are even still students at St. Peter's College, let alone whether they even reside in the State of New Jersey.

11.     Second, defendant ALLIED BARTON has also failed to set forth and disclose, as required, the specific facts to which their proposed "material" witnesses will testify at the trial so that this court may judge whether the proposed evidence is necessary and material.

12.     Thirdly, defense counsel's affirmation is devoid of any substantive explanations of how defense witnesses will be inconvenienced by having to travel to New York County to testify and there is insufficient evidence to support this motion to change venue. See Easer v. Carmela, 203 A.D.2d 159, 610 N.Y.S.2d 260 (1st Dept. 1994). The inconveniences cited by defendant's counsel are conclusory in nature and insufficient for this motion. Moreover, defendant ALLIED BARTON states that it is likely that the District Court in Jersey would be in a better position to compel their testimony. A subpoena will be needed to compel the testimony of the security guard involved, regardless where this action is venued and therefore, this excuse, as aforesaid, is insufficient for the purposes of a motion to change venue.

13.     Moreover, there is no presumption that a witness will be inconvenienced merely because the courthouse is located in a county other than where the witness lives or works See Prado v. Walsh-Atkinson Company, Inc., 212 A.D.2d 489, 623 N.Y.S.2d 214 (1st Dept. 1995).

14.     Lastly, defense counsel alludes to the State of New Jersey having a strong interest in having this matter adjudicated in that jurisdiction. If defendant's concern was solely in protecting the interest of justice, then it could have originally petitioned to have this matter initially removed to the District Court in New Jersey and not waste this Court's

time.

15.    In light of the foregoing, plaintiff respectfully requests that this court deny the motion of defendant ALLIED BARTON for an order, pursuant to 28 U.S.C. 1404(a), transferring the venue of this action from the Southern District of New York to the District of New Jersey.

WHEREFORE, it is respectfully requested that this court deny in its entirety the motion of defendant ALLIED BARTON for an order, pursuant to 28 U.S.C. 1404(a), transferring the venue of this action from the Southern District of New York to the District of New Jersey, together with such other and further relief as the court deems just and proper.

Dated: Jericho, New York
       May 23, 2008

_____
KENNETH I. BEAL, ESQ.

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

KENNETH BEAL, being duly sworn, deposes and says that he is over 18 years of age, resides in Jericho, New York, and is not a party to this action:

That on the _24_ day of May, 2008, he served the within **AFFIRMATION IN OPPOSITION** upon the attorneys below set forth representing the parties as indicated, at the address shown below:

**SHAFER GLAZER, LLP**
**Attorneys for Defendant**
**ALLIED BARTON SECURITY SERVICES, LLC**
90 John Street, Suite 701
New York, NY 10038

**LAW OFFICES OF JOHN P. HUMPHREYS**
**Attorneys for Defendant**
**ST. PETER'S COLLEGE**
485 Lexington Ave., 7th Floor
New York, NY 10017

by depositing a true copy of same securely enclosed in a postpaid wrapper in a post office box regularly maintained by the United States Government, directed to the aforesaid attorneys at the address within the State designated by them for that purpose upon the preceding papers in this action, between which places there, then, was and now is a regular communication by mail, and by serving a copy of same by facsimile transmission to said attorneys offices.

_____
KENNETH BEAL

Sworn to before me this
_24_ day of May, 2008.

CAROL ANN BEAL
NOTARY PUBLIC, State of New York
No. 02BE4894045
Qualified in Queens County
Commission Expires April 20, 20_09_