UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MATTHEW TORRES,

                        Plaintiff,                        **REPLY AFFIRMATION**

   -against-                                             Index No. 1:07-CV-09323-RJH
                                                                Hon. Richard J. Holwell

ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.,

                        Defendants.
------------------------------------------------------------------X

I, DAVID A. GLAZER, **affirm under penalty of perjury** that:

1.      I am a Partner with the firm of Shafer Glazer, LLP, the attorneys for the Defendant, ALLIEDBARTON SECURITY SERVICES, LLC i/s/h ALLIEDBARTON SECURITY SERVICES, INC., herein, and as such I am fully familiar with the facts and circumstances surrounding the within matter, upon reviewing the file maintained by this office.

2.      I make this affirmation in reply to the affirmation in opposition submitted by counsel for Plaintiff and in further support of the instant motion to transfer the venue from the Southern District of New York to the District of New Jersey.

3.      The plaintiff makes a series of arguments in his opposition papers based upon the CPLR of the State of New York. However, this action is now subject to the Federal Rules of Civil Procedure and federal law. Thus, the plaintiff's arguments that the case should remain in the Southern District of New York by using the laws of the state of New York are invalid. Furthermore, the cause of action in this action arose in the State of New Jersey. As such, New Jersey law applies, not New York. Therefore, there is no basis for using the laws of the State of New York to determine the instant motion.

4.      While the plaintiff is correct that a plaintiff's choice of forum is entitled to significant consideration, the core determination under section 1404(a) is the "center of gravity of the litigation." TM Claims Service v. KLM Royal Dutch Airlines, 143 F.Supp.2d 402, 403 (S.D.N.Y. 2001).  In this action, the incident occurred in the city of Jersey City in the State of New Jersey.

5.      Furthermore, if police are going to be important fact witnesses, their convenience is an important factor in determining whether transfer is proper.  Ryan v. Tseperkas, 2008 WL 268716 (E.D.N.Y. 2008); Frasca v. Yaw 787 F.Supp. 327 (E.D.N.Y. 1992).  In the instant action, there were seven (7) members of the Jersey City Police Department who were involved in the criminal investigation of this incident.  There will probably be more than one deposition of the investigating officers to determine the facts of this incident.  Accordingly, under this standard, the case should be transferred.

6.      The plaintiff cites the case of Habrout v. City of New York, 143 F.Supp.2d 399 (S.D.N.Y. 2001) to support his position to keep the case in this Court.  However, in Habrout, several of the defendants were in fact located in the Southern District of New York.  Thus, there was no overriding justification to transfer since that motion was based solely on the convenience of the witnesses and the transfer was from the Southern District of New York to the Eastern District of New York.  As the plaintiff is aware, the difference is not merely an adjoining county of the same state, but a completely different state.

7.      In the instant action, none of the defendants has a principal place of business in the State of New York, the incident occurred in New Jersey, New Jersey law applies, the incident involves a criminal action so that not only does New Jersey have a greater

interest in this action, the physical evidence is located in New Jersey. All of these factors plus the convenience of witnesses warrant transfer of this action to the District of New Jersey.

8. Plaintiff also tries to argue that the movant did not set forth any addresses of possible witnesses. However, that is not true. The addresses of Akirah Stephenson (who lives at 43 Phelps Ave, New Brunswick, NJ) and Jazmen Stromen, (who lives at 109 Rossell Avenue, Trenton, NJ) were noted in the original papers. Furthermore, the address for the Jersey City Police Department is self-evidently in Jersey City, New Jersey. More specifically, it is 8 Erie Street, Jersey City, NJ 07302. The addresses of the other witnesses are currently not known to AlliedBarton, but they should be determined through the course of discovery.

9. Additionally, the plaintiff's argument that the District of New Jersey is not in a better position to compel testimony is inaccurate. He specifically cites the need to subpoena the security guard on duty who no longer works for AlliedBarton. However, the plaintiff attorney is well aware that her last known address is Yiesena Nunez, 320 Fairmount Avenue, Apt. #104, Jersey City, NJ 07306. Thus, the District of New Jersey is also a more convenient forum for that witness as well.

10. Lastly, the plaintiff argues that AlliedBarton should have removed this action directly to the District of New Jersey. However, 28 U.S.C.A. § 1446 required that the instant action be removed to the Southern District of New York first and then a motion to transfer follow. As such, it would have been improper to remove this action to the District of New Jersey initially. Thus, this motion was necessary under the law.

11.     In light of all of the foregoing, the facts of the instant action warrant a transfer of this action to the District of New Jersey as the only connection this action has with the Southern District of New York is the residence of the plaintiff while the interests of justice, choice of law, locus of the incident, convenience of witnesses, familiarity with governing law and ability to compel witnesses all warrant the transfer of this action to the United States District Court for the District of New Jersey.

WHEREFORE, it is respectfully requested that the Court grant the instant motion in its entirety and grant such other and further relief as to the Court may seem just, proper, and equitable.

Dated:  New York, New York
        May 29, 2008

s/ *David A. Glazer*
_____
DAVID A. GLAZER (DG4504)

TO:

BEAL & BEAL, ESQS.
Attorneys for Plaintiff
MATTHEW TORRES
34 Birchwood Park Crescent
Jericho, NY 11753
(516) 938-0877

LAW OFFICES OF JOHN P. HUMPHREYS
Attorneys for Defendant
ST. PETER'S COLLEGE
485 Lexington Ave, 7th Floor
New York, NY 10017
(917) 778-6600

DAG/ac
7121.doc

## CERTIFICATION OF SERVICE

     I, DAVID A. GLAZER, hereby certify that on May 29, 2008, the within **Motion to transfer venue** was mailed by first class mail, postage prepaid to all counsel of record as indicated on the service list below:

Mr. Kenneth I. Beal
Beal & Beal, Esqs.
34 Birchwood Park Crescent
Jericho, NY 11753

Mr. Robert P. Fumo
Law Offices of John P. Humphreys
485 Lexington Ave, 7th Floor
New York, NY 10017

                                    s/ David A. Glazer
                                    _____
                                    DAVID A. GLAZER (DG4504)