UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MATTHEW TORRES,                                          Docket No. 1:07-CV-09323-RJH
                          Plaintiff,

                                                         PLAINTIFF'S SUPPLEMENTAL
                                                         AFFIRMATION IN OPPOSITION
           -against-                                     AND SUR-REPLY TO DEFENDANT'S
                                                         MOTION FOR TRANSFER OF VENUE

ST. PETERS'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.
                          Defendants.
------------------------------------------------------------x

KENNETH BEAL, an attorney duly licensed to practice law in the United States District

Court, Southern District, affirms the following under the penalty of perjury:

1)  That I am a partner in the law firm of Beal & Beal, Esqs., and that I represent the

    plaintiff in the above matter.  I am fully familiar with the facts and circumstances

    in this case.

2)  This supplemental affirmation is in opposition to defendant ALLIED BARTON

    SECURITY's motion to transfer the venue of this case from this Court to the

    District Court of New Jersey.  It is noted that co-defendant ST. PETER'S

    COLLEGE did not join in Defendant Allied's motion.

3)  This affirmation is being respectfully submitted to this Court to demonstrate the

    significant federal caselaw that exists in opposition to defendant ALLIED's

    position.

4)  It is well-settled that a plaintiff's choice of venue is entitled to significant

    consideration and will not be disturbed unless other factors weigh strongly in

    favor of a transfer.  Royal and Sunalliance vs. British Airways. 167 F. Sup 2d

573, USDC, (S.D. New York, 2001). The moving party must make a clear – cut showing that a transfer is in the best interests of the litigation. <u>Schieffelin and Company v. Jack Co. of Boca, Inc.</u> 725 F. Supp 1314, 1321 (S.D.N.Y. 1989). The party seeking transfer "must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. <u>Howard v Four Seasons Hotels, LTD.</u>, No. 96 Civ 4587, 1997 WL107633 (S.D.N.Y. Mar 10, 1997), Defendant ALLIED has failed to do all of the above.

5)  In applying the caselaw to the case at bar, this Court should note that the plaintiff, a New York resident, has already been deposed Several of the defendants' witnesses are no longer under the custody and control of the named defendants, and they will have to be subpoenaed. The few witnesses who the defendants are able to voluntarily produce are scheduled to be deposed on July 10, 2008 in New York. To your affirmant's knowledge, these two (2) or three (3) individuals have not expressed any reluctance to testify in this Court. Furthermore, from a practical perspective, the depositions will be conducted in one of the defendant's offices, both of which are in New York City. Certainly, it can be argued that if these witnesses can be deposed in New York City without reservation, then they can appear in this Court for trial.

6)  While it is true that the police officers who responded to this assault are employed by the Jersey City Police Department, defendant ALLIED has not demonstrated to this Court which if any of these officers will be needed to testify. As this Court is aware, this case involves a significant security breach at St. Peter's College which led to a vicious assault of the plaintiff. The major parties to appear at trial are

those individuals affiliated with the defendants, as they have the most knowledge of the incident. As stated in Sunalliance supra, when weighing the convenience of the witnesses, courts must consider the materiality, nature and quality of each witness, and not just the number of witnesses in each district.

7) Another factor for this Honorable Court to consider is the location of the plaintiff's treating physicians, who undoubtedly will be called to testify at trial. In this case, the plaintiff is treating with a psychologist, psychiatrist, and plastic surgeon, all of whom have offices in New York City. The defendants have been served with proper expert medical disclosure notices. Defendant ALLIED has not provided the identity of any medical witnesses at this time. Therefore, for the convenience of the plaintiff's medical providers who will have to come to Court to testify, New York is certainly the more appropriate venue. Please see Vassallo v. Niedermeyer, , 495 F. Supp 757, USDC. S.D. New York (1980). Scaramuzzo v. American Flyers Airline Corp., 260 F. Supp 746 USDC. E.D. New York (1966), Eskofot v. E.I. DuPont De Neumours and Co., 872 F. Supp 81. USDC. S.D. New York (1995).

8) In evaluating a motion to transfer venue, your affirmant respectfully maintains that this Court should consider the convenience and relative means of the parties. Where a disparity between the parties exists, such as an individual plaintiff suing a large corporation, the Court may also consider the relative means of the parties in determining whether to transfer the case. In the case of 800-Flowers, Inc v. Intercontinental Florests, Inc. 860 F. Supp 128, USDC. S.D. New York (1994). the Southern District weighed the financial and convenience factors of the parties.

In the subject case, we have an individual plaintiff and a large corporate defendant, with many locations and extensive resources.    Certainly defendant ALLIED is in a far easier position to continue this litigation in New York (where it has a strong presence), than it is for this individual plaintiff to have to litigate this case in New Jersey. Defendant ALLIED has far greater economic resources than the plaintiff, and with significantly greater capital at its disposal. Your affirmant respectfully maintains that it is much more convenient for the plaintiff to continue to litigate his case in New York where he resides. As stated in Vassallo v. Niedermeyer. transfer is inappropriate where it would merely shift inconvenience from one party to another. In this case, a transfer to New Jersey would just make this litigation far more inconvenient to the individual plaintiff, and the defendant, a large corporation, would be minimally affected.   See also DWYER v. General Motor Corporation. 853 F. Supp 690. USDC, S.D. New York (1994).

9) Defendant ALLIED, in its motion to transfer venue, argues that this case should be transferred to New Jersey due to its familiarity with governing law. However, there is significant case law that holds to the contrary. In Vassallo v. Niedermeyer, supra, and DWYER v. General Motors Corporation, supra, both Southern District of New York cases, the Courts held that the fact that the law of another jurisdiction may govern the outcome of the case is a factor accorded **little** weight on a discretionary motion to transfer, especially in an instance where no complex question of foreign law exists.

10) Your affirmant respectfully asserts that this case does not involve a complex question of foreign law. It is a negligent security case. This Court is overwhelmingly qualified to rule on each and every aspect of this case, including questions of law and fact. There is simply no need to transfer this case to New Jersey. Justice can certainly be served in the Southern District of New York.

11) One last point for this Court to consider is the practicality, interest of justice, and trial efficiency in evaluating this motion. A transfer of this litigation could unnecessarily delay this case, and might result in increased expense to all parties. See Eskofot v. E. I. DuPont De Nemours and Company, supra. As previously stated, the plaintiff's deposition has already been conducted pursuant to this Court's Civil Case Management Plan. The defendants' depositions are presently scheduled to be held on July 10, 2008 in New York. Additionally, this Honorable Court is already familiar with this case. Transferring this case to a completely different court in a completely different state at this juncture would only delay its progress and serve no legitimate legal purpose. Any geographic concerns of defendant ALLIED are unwarranted since the Southern District of New York lies quite near to Jersey City where the assault occurred.

12) Consequently, your affirmant respectfully maintains that defendant ALLIED has not demonstrated any clear-cut compelling reasons to have this case transferred. Since this matter is progressing efficiently in this Court, and since ALLIED has not met its burden in proving that this case would be better served in New Jersey, your affirmant respectfully prays that defendant ALLIED'S motion to transfer venue be denied in its entirety.

WHEREFORE, it is respectfully requested that this court deny the instant motion

in its entirety, and grant any additional relief that it deems appropriate.

Dated: June 10, 2008
      Jericho, New York

*Terrel Beal, Esq.*

Yours etc.
Beal & Beal, Esqs.
Attorneys for Plaintiff
MATTHEW TORRES
34 Birchwood Park Crescent
Jericho, New York 11753

To: Shafer Glazer, LLP.
    Attorneys for Defendant
    ALLIED BARTON SECURITY SERVICES, INC
    90 John Street, 6th Floor
    New York 10038-3202

To: Law Offices of John P. Humpreys
    Attorneys for Defendant
    ST. PETER'S COLLEGE
    485 Lexington Avenue, 7th Floor
    New York 10017