UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MATTHEW TORRES,

                       Plaintiff,

-against-

ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.,

                       Defendants.
-------------------------------------------------------------------X

**SUR-REPLY AFFIRMATION IN FURTHER SUPPORT OF MOTION TO TRANSFER VENUE**

Docket No. 1:07-CV-09323-RJH
Hon. Richard J. Holwell

I, DAVID A. GLAZER, **affirm under penalty of perjury** that:

1.     I am a Managing Partner with the firm of Shafer Glazer, LLP, the attorneys for the Defendant, ALLIEDBARTON SECURITY SERVICES, LLC i/s/h ALLIEDBARTON SECURITY SERVICES, INC., herein, and as such I am fully familiar with the facts and circumstances surrounding the within matter, upon reviewing the file maintained by this office.

2.     I make this affirmation in reply to the supplemental affirmation in opposition and sur-reply submitted by counsel for Plaintiff and in further support of the instant motion to transfer venue of this action from the Southern District of New York to the District of New Jersey.

3.     The plaintiff in his sur-reply argues that the movant has not met its burden to show that a transfer of the venue is warranted. However, the plaintiff's argument is false and ignores virtually all of the evidence to the contrary.

4.     First, while the plaintiff's attorney is correct that the plaintiff's deposition has been completed, that has been the only deposition that has been completed to date and it took two days to complete. Furthermore, this argument is somewhat specious because

this Court directed the parties to proceed with discovery and the plaintiff has twice delayed this motion. First, with his request for an adjournment and then by serving supplemental papers. Thus, the plaintiff should not be rewarded with the denial of this motion through the plaintiff's own delaying tactics.

5.     Secondly, it should be noted that if the case is transferred, the co-defendant has informed all parties that the handling of the case will be sent to their New Jersey office. Additionally, your affirmant maintains an office in New Jersey as well. Thus, it is not accurate to state that all depositions will be held within the state of New York. Additionally, upon information and belief, the witness requested by the plaintiff from Allied Barton resides in New Jersey.

6.     Plaintiff argues that his choice of forum should not be disturbed. However, the weight accorded to a plaintiff's choice of venue is significantly diminished where the operative facts have no connection to the chosen district. <u>Cartier v. D & D Jewelry Imports</u>, 510 F.Supp.2d 344 (S.D.N.Y. 2007). In this action, the incident occurred in Jersey City, New Jersey.

7.     Plaintiff also argues that Allied Barton has not established the convenience of the witnesses. However, that is incorrect. Allied Barton listed seven police officers who will be deposed because of their knowledge of the criminal investigation and listed Furthermore, Allied Barton also listed two witness to the conditions and the possible identity of the assailants (including their addresses) and submitted as an exhibit the police reports listing their names to demonstrate the subject matter of the testimony of the police officers and the witnesses. To assert that the information held by these witnesses is

unimportant is specious as all of these witnesses have significant knowledge about the facts and circumstances of the incident.

8.  Additionally, Mark Cheathem, who was present at the time of the assault, is still a student at St. Peter's College according to the testimony of the plaintiff.  Thus, while his official address is unknown to the movant, his student residence is in Jersey City, New Jersey.  Thus, while his official address is unknown to the movant, his student residence is in Jersey City, New Jersey.  Therefore, the District of New Jersey is a convenient forum for his testimony.

9.  Furthermore, the plaintiff has informed all parties that he intends to take the deposition of Yiesena Nunez, the security guard working at the time of the incident.  Ms. Nunez no longer works for any of the parties and her address is 320 Fairmount Avenue, Apt. #104, Jersey City, NJ 07306.  Conversely, the plaintiff has not demonstrated that any of the proposed non-party witnesses have any connection with the state of New York.

10. Next, the plaintiff argues that the convenience of his medical providers should be taken into consideration, citing Vassallo v. Niedermeyer, 495 F.Supp. 757 (S.D.N.Y. 1980) and Scaramuzzo v. American Flyers Airline Corp., 260 F.Supp. 746 (E.D.N.Y. 1966).  However, the plaintiff fails to mention that his primary treat physician for this incident is Dr. Sanjay Lalla whose office is located at 550 Newark Ave. 2nd Floor, Jersey City, NJ 07306.  Thus, even that argument carries little weight.  Furthermore, It has been repeatedly held by courts that "[t]he convenience of expert witnesses is of 'little or no significance' on a motion to transfer." Kingsepp v. KMart Corp., 1997 WL 269582 (E.D.N.Y. 1997); Babbidge v. Apex Oil Co., 676 F.Supp. 517 (S.D.N.Y.,1987); Bernal v. Du Pont, No. 93 Civ. 1639, 1993 WL 378790, 2 (S.D.N.Y. Sept. 24, 1993); Wibau v.

American Hoist & Derrick Company, 293 F.Supp 273, 275 (S.D.N.Y. 1962) (quoting Glickenhaus v. Lytton Financial Corp., 205 F.Supp. 102, 106 (D.Del.1962)); See also Hernandez v. Graebel Van Lines, 761 F.Supp. 983, 988 (E.D.N.Y.1991).  The key consideration in Vassallo was that the plaintiff's injuries created a significant hardship for travel and the plaintiff documented the extent of the injuries as part of the motion.  In this action, the plaintiff's alleged injuries do not prevent him from traveling.  In Scaramuzzo, the case involved a plane crash in Oklahoma, but none of the survivors resided in Oklahoma.  As such, the convenience of the witnesses was against transfer.

11.     In the instant action, only the plaintiff is a known resident of New York among the fact witnesses.  Plaintiff's treating physicians are essentially experts who will travel if necessary and one of those experts has his office in New Jersey.  Thus, the convenience of the witnesses favors transfer.

12.     The plaintiff then tries to make an argument based on the means of the parties by citing 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128 (S.D.N.Y. 1994).  In that case, as in the instant action, the plaintiff filed in New York even though the locus of the operative facts was outside of New York and the defendant did not reside in New York it resided in Florida).  Furthermore, the convenience of the witnesses was more suited to Florida.  Thus, while the defendant in that case had less means than the plaintiff, it was not the dispositive part of the decision in light of the fact of the absence of any connection to New York and the significant connections to Florida.  A fair reading of that decision supports the transfer of this action to New Jersey in that the incident occurred in New Jersey, New Jersey law applies, the convenience of the witnesses favors

New Jersey, a party resides in New Jersey (St. Peter's College), and relevant documents (i.e. police records) are in New Jersey.

13.     Plaintiff makes one last argument that the interests of justice and trial efficiency favor keeping the case in New York because a transfer might delay the case, citing Eskofot v. E.I. DuPont De Nemours & Co., 872 F. Supp. 81 (S.D.N.Y. 1995).  The plaintiff has not demonstrated how the case would be delayed as discovery is proceeding. Furthermore, the court in Eskofot stated that it was a factor that did not weigh strongly in that particular case.  However, in this action, because the underlying facts revolve around a criminal act, the state of New Jersey has a vested interest in the outcome as this action could lead to evidence that would assist the State of New Jersey in prosecuting the perpetrators.

14.     When considering all of the factors in their totality, those factors strongly favor transfer of this action to the District of New Jersey. Cartier v. D & D Jewelry Imports, Supra.

15.     In light of the foregoing, the movant respectfully prays that the Court grant the instant motion in its entirety.

WHEREFORE, it is respectfully requested that the Court grant the instant motion in its entirety and grant such other and further relief as to the Court may seem just, proper, and equitable.

Dated: New York, New York
       July 8, 2008

s/ *David A. Glazer*

_____
DAVID A. GLAZER (DG4504)

## CERTIFICATION OF SERVICE

      I, DAVID A. GLAZER, hereby certify that on July 8, 2008, the within **Sur-Reply Affirmation In Further Support Of Motion To Transfer Venue** was mailed by first class mail, postage prepaid to all counsel of record as indicated on the service list below.:

Mr. Kenneth I. Beal
Beal & Beal, Esqs.
34 Birchwood Park Crescent
Jericho, NY 11753

Mr. Robert P. Fumo
Law Offices of John P. Humphreys
485 Lexington Ave, 7th Floor
New York, NY 10017

                                                s/ *David A. Glazer*
                                            _____
                                            DAVID A. GLAZER (DG4504)

DAG/ac
7374.doc

**Index No. 1:07-CV-09323-RJH**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MATTHEW TORRES,

                            Plaintiff,

    -against-

ST. PETER'S COLLEGE and ALLIEDBARTON
SECURITY SERVICES, INC.,

                            Defendants.
-------------------------------------------------------------------X

*REPLY AFFIRMATION*

**SHAFER GLAZER, LLP**
Attorneys for Defendant
AlliedBarton Security Services, LLC i/s/h
AlliedBarton Security Services, Inc.
90 John Street, Suite 701
New York, NY 10038-3202
(212) 267-0011
File No. SPG-00133